*EXHIBIT 1*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LORI BILEWICZ, JASON ARCELAY, HASSAN BAAMI, VIRGINIA G. CHERRY, CAROL A. CORNER-DOLLOFF, KEVIN DESROSIERS, PAUL DINICOLA, ROBERT DUGDALE, MARK EVANGELISTA, DOMINIC FARINELLA, JOSEPH E. FRIEND, ELIZABETH CATHE HARRIS, AJUA CYNTHIA JOHNSON, MICHAEL W. JONES, KEVIN M. JUDD, SR., ROBERT MASSOUD, JASON MORA, JOSEPH L. OTERO, PAULA M. PARRISH, DEBORAH PONTES, JANET C. PRIFTI, HEATH RACINE, DARREN J. RILLOVICK, MARY J. RUSIECKI, KRISTA SCHEPANOVSKY, ROBERT VISCONTI, JACQUELINE M. WHEELER, and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 13-10636-DJC |
| FMR LLC, FMR LLC INVESTMENT COMMITTEE, and John and Jane Does 1-25, | ) ) ) ) | |
| Defendants. | ) ) | |
| AIDEN YEAW, ALEX C. BROWN, and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-10035-DJC |
| FMR LLC, FMR LLC RETIREMENT COMMITTEE, and John and Jane Does 1-25, | ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "*Settlement Agreement*") is entered into by and between the *Named Plaintiffs* (as defined below) in the above captioned actions for

1

themselves and on behalf of the *Settlement Class* (as defined below) and the *Plan* (as defined below), on the one hand, and the *Company* (as defined below) on the other, in consideration of the promises, covenants and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

NOW, THEREFORE, without any admission or concession on the part of the *Named Plaintiffs* of any lack of merit of the *Actions* (as defined below) whatsoever, and without any admission or concession on the part of *Defendants* (as defined below) as to the merits of the *Actions*, it is hereby STIPULATED AND AGREED, by and among the *Settling Parties* (as defined below), through their respective attorneys, subject to approval of the *Court* pursuant to the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the *Parties* (as defined below) from the *Settlement Agreement*, that all *Released Claims* (as defined below) as against the *Released Parties* (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

1.    <u>Definitions</u>

As used in this *Settlement Agreement,* italicized and capitalized terms and phrases not otherwise defined herein have the meanings provided below:

1.1    "*Actions*" means the *Bilewicz Action* and the *Yeaw Action.*

1.2    "*Affirmative Relief During the Settlement Period*" means the relief described in Section 7.3.

1.3    "*Allocation Period*" means the period March 20, 2007 through December 31, 2013.

1.4    "*Average Plan Account Balance*" means each *Settlement Class Member*'s daily balance totaled for every day in the *Allocation Period* divided by the number of days in the *Allocation Period.*

1.5    "*Bilewicz Action*" means *Bilewicz, et al. v. FMR LLC, et al.*, Civil Action No. 13-10636-DJC, United States District Court for the District of Massachusetts (Hon. Denise Casper), and any and all cases now or hereafter consolidated therewith.

1.6    "*Check Cashing Period*" has the meaning set forth in Section 7.2.4.

1.7    "*Claims*" has the meaning set forth in Section 3.3.

1.8    "*Class Counsel*" means Schneider Wallace Cottrell Konecky LLP, Bailey & Glasser LLP, Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, and Peiffer Rosca Abdullah & Carr, LLC.

1.9    "*Class Settlement Amount*" has the meaning set forth in Section 7.2.1.

1.10    *"Committee Members"* means members of the FMR LLC Investment Committee, during the period March 20, 2007 through March 19, 2013 and the FMR LLC Retirement Committee, during the period January 8, 2008 through January 7, 2014.

1.11    *"Company"* means FMR LLC.

1.12    *"Court"* means the United States District Court for the District of Massachusetts.

1.13    *"Defendants"* means the following persons and/or entities: FMR LLC, FMR LLC Investment Committee, FMR LLC Retirement Committee, and John and Jane Does 1-50.

1.14    *"Defendants' Counsel"* means Goodwin Procter LLP.

1.15    *"Distribution Date"* means sixty (60) days after the *Settlement Effective Date*.

1.16    *"ERISA"* means the Employee Retirement Income Security Act of 1974, as amended, including all regulations promulgated thereunder, and court decisions interpreting ERISA, as amended or regulations promulgated thereunder.

1.17    *"Fairness Hearing"* means the hearing to be held by the *Court* to determine, among other things, whether to grant final approval to the *Settlement*.

1.18    *"Final"* or *"Finality,"* with respect to any *Judgment* or any other order or judgment of a court of competent jurisdiction, means:  (a) if no appeal is filed, the expiration date of the time provided by the corresponding rules of the applicable court or legislation for filing or noticing of any appeal therefrom; or (b) if there is an appeal therefrom, the date of (i) final dismissal of such appeal, or the final dismissal of any proceeding on certiorari or otherwise to review the *Judgment*; or (ii) the date of final affirmance on an appeal thereof, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review thereof, and, if certiorari or other form of review is granted, the date of final affirmance thereof following review pursuant to that grant.  Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining solely to (i) any application for attorneys' fees, costs or expenses, and/or (ii) the *Plan of Allocation*, shall not in any way delay or preclude the *Judgment* from becoming *Final*.

1.19    *"Financial Institution"* has the meaning set forth in Section 7.1.1.

1.20    *"Independent Fiduciary"* means the entity retained for the purposes set forth in Section 2.4.

1.21    *"In re Fidelity ERISA Float Litigation"* means *In re Fidelity ERISA Float Litigation*, Civil Action No. 13-10222-DJC, United States District Court for the District of Massachusetts (Hon. Denise Casper).

1.22    "*Mediator*" means Judge Daniel Weinstein (Ret.), Mediator, JAMS, Two Embarcadero Center, Suite 1500, San Francisco, CA 94111, or, if he is unavailable, another mediator mutually agreed-upon by the *Settling Parties*.

1.23    "*Judgment*" shall mean the entry of the *Court*'s order approving this *Settlement* pursuant to Federal Rule of Civil Procedure 23(e) in substantially the form attached hereto as Exhibit B.

1.24    "*Named Plaintiffs*" means Lori Bilewicz, Jason Arcelay, Hassan Baami, Virginia G. Cherry, Carol A. Corner-Dolloff, Kevin Desrosiers, Paul Dinicola, Robert Dugdale, Mark Evangelista, Dominic Farinella, Joseph E. Friend, Elizabeth Cathe Harris, Ajua Cynthia Johnson, Michael W. Jones, Kevin M. Judd, Sr., Robert Massoud, Jason Mora, Joseph L. Otero, Paula M. Parrish, Deborah Pontes, Janet C. Prifti, Heath Racine, Darren J. Rillovick, Mary J. Rusiecki, Krista Schepanovsky, Robert Visconti, Jacqueline M. Wheeler, Aiden Yeaw, and Alex C. Brown.

1.25    "*Net Settlement Fund*" has the meaning defined in Section 9.1.

1.26    "*Non-Disclosure Agreement*" means the Non-Disclosure Agreement executed by the *Company* and *Class Counsel* on October 28, 2013, and amended on July 1, 2014.

1.27    "*Notice*" means the form(s) of notice, appended as Exhibit 1 to the form of *Preliminary Approval Order*, attached hereto as Exhibit A.

1.28    "*Parties*" means the *Named Plaintiffs*, the *Settlement Class*, and the *Defendants*.

1.29    "*Person*" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.30    "*Plaintiffs*" means *Named Plaintiffs* and each *Settlement Class Member*.

1.31    "*Plan*" means the FMR LLC Profit Sharing Plan, and all predecessor plans or successor plans, individually and collectively, and any trust created under such Plan.

1.32    "*Plan of Allocation*" means the methodology for allocating and distributing the *Net Settlement Fund* pursuant to Section 9 and attached hereto as Appendix A.

1.33    "*Predecessor*" means as to any *Person* (the "Subject Person"), another *Person* as to whom the Subject Person is a *Successor*.

1.34    "*Preliminary Approval Motion*" has the meaning set forth in Section 2.1.1.

1.35    "*Preliminary Approval Order*" means the order of the *Court* in substantially the form attached hereto as Exhibit A, whereby the *Court* preliminary approves this *Settlement*.

1.36    "*Released Claims*" has the meaning set forth in Section 3.3.

1.37   "*Released Parties*" means the *Defendants* and any *Person* who served as a trustee or fiduciary of any kind of the *Plan* (including functional fiduciaries), together with, for each of the foregoing: any predecessors, *Successors-In-Interest*, present and former *Representatives*, direct or indirect parents, subsidiaries and affiliates, and any *Person* that controls, is controlled by, or is under common control with any of the foregoing.

1.38   "*Representatives*" means present and former attorneys, insurers, agents, committees, directors, officers, and employees.

1.39   "*Residual Net Settlement Fund*" and "*RNSF*" have the meaning set forth in Section 7.2.4.

1.40   "*Settlement*" means the settlement of the *Bilewicz Action* and the *Yeaw Action* contemplated by this *Settlement Agreement*.

1.41   "*Settlement Administrator*" means the entity selected by *Class Counsel*, subject to the *Company*'s approval as provided in Section 8.1.1.

1.42   "*Settlement Agreement*" means this Class Action Settlement Agreement.

1.43   "*Settlement Class*" means all persons who participated in the *Plan* during the *Settlement Class Period*, except for *Committee Members*.  A person has "participated" in the *Plan* for this purpose if he or she had a positive balance in the *Plan* at any time during the *Settlement Class Period*.

1.44   "*Settlement Class Member*" means a member of the *Settlement Class*.

1.45   "*Settlement Class Period*" means March 20, 2007 through either (i) the date of this *Settlement Agreement*, or, (ii) in the event that that the *Preliminary Approval Order* is not entered before July 28, 2014, then July 28, 2014.

1.46   "*Settlement Effective Date*" means the date on which the *Judgment* has become *Final*.

1.47   "*Settlement Fund*" has the meaning set forth in Section 7.1.

1.48   "*Settlement Period*" means the period of time that begins on the effective date of the *Plan* amendment described in Section 7.3 and ends two years thereafter.

1.49   "*Settling Parties*" means the *Named Plaintiffs*, the *Settlement Class*, and the *Company*.

1.50   "*Successor-In-Interest*" means a *Person's* estate, legal representatives, heirs, executors, administrators, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.51  "*Taxes*" means (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, by way of withholding as required by applicable law on any distribution by the *Financial Institution* or the *Settlement Administrator* of any portion of the *Settlement Fund* to any *Persons* entitled thereto pursuant to this *Settlement Agreement*; and (ii) any and all expenses, liabilities and costs incurred in connection with the taxation of the *Settlement Fund* (including without limitation, expenses of tax attorneys and accountants).

1.52  "*Unknown Claims*" means any and all *Released Claims* which the *Named Plaintiffs* or the *Settlement Class Members* do not know or suspect to exist in his or her favor as of the *Settlement Effective Date*, which if known by him or her might have affected his or her decision(s) with respect to the *Settlement*.  With respect to any and all *Released Claims*, the *Settling Parties* stipulate and agree that upon the *Settlement Effective Date*, the *Named Plaintiffs* and the *Company* shall expressly waive, and each *Settlement Class Member* shall be deemed to have waived, and by operation of the *Judgment* shall have expressly waived, any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  Section 1542 of the California Civil Code provides, in relevant part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

*Named Plaintiffs* and the *Company* acknowledge, and the *Settlement Class Members* by operation of law shall be deemed to have acknowledged, that the inclusion of "*Unknown Claims*" in the definition of *Released Claims* was separately bargained for and was a key element of the *Settlement*.

1.53  "*Yeaw Action*" means *Yeaw, et al. v. FMR LLC, et al.*, Civil Action No. 14-10035-DJC, United States District Court for the District of Massachusetts (Hon. Denise Casper), and any and all cases now or hereafter consolidated therewith.

2.  Conditions to Finality of the Settlement.

This *Settlement* shall be contingent upon each of the following conditions in Sections 2.1- 2.5 being satisfied.  The *Settling Parties* agree that if any of these conditions is not satisfied, then this *Settlement Agreement* is terminated and the *Actions* will for all purposes with respect to the *Parties* revert to their respective statuses as of April 24, 2014, prior to the *Settlement*.  In such event the *Company* will not be deemed to have consented to class certification as described in Section 2.1.4, the agreements and stipulations in this *Settlement Agreement* concerning class certification shall not be used as evidence or argument to support class certification, and the *Company* will retain all rights with respect to class certification.

2.1     Court Approval. The *Settlement* shall have been approved by the *Court*, as provided for in this Section 2.1. The *Settling Parties* shall cooperate in good faith to obtain *Court* approval, including with respect to the following:

2.1.1    Preliminary Approval. Upon the full execution of this *Settlement Agreement* by the *Settling Parties*, and no later than July 3, 2014, *Class Counsel* will file a motion with the *Court* seeking entry of the *Preliminary Approval Order* substantially in the form attached hereto as Exhibit A, including the exhibits thereto ("*Preliminary Approval Motion*"), with such motion including, but not limited to, seeking to have the Actions certified as a consolidated non-opt-out class. The *Company* will not object to such motion.

2.1.2    Issuance of the Notice. The *Named Plaintiffs* shall cause the *Notice* to be provided on the date and in the manner set by the *Court* in its *Preliminary Approval Order*.

2.1.3    The Fairness Hearing. On or after the date set by the *Court* for the final hearing pursuant to Federal Rule of Civil Procedure 23(e)(2) (the *Fairness Hearing*) the *Court* will determine: (i) whether to enter judgment finally approving the *Settlement*; and (ii) what, if any, legal fees, compensation, and expenses should be awarded to *Class Counsel* and to the *Named Plaintiffs* as contemplated by Sections 11.1-11.2 of this *Settlement Agreement*.

2.1.4    Certification of the Settlement Class. The *Court* shall approve the definition of the *Settlement Class* as provided for in Section 1.43 and, for settlement purposes, shall certify the *Settlement Class* as a non-opt-out class pursuant to Fed. R. Civ. P. 23(b)(1). Such certification is a condition precedent to *Released Parties*' obligations under this *Settlement Agreement*.

2.1.5    Entry of the Judgment. The *Court* shall have entered the *Judgment* substantially in the form attached hereto as Exhibit B.

2.2     Finality of Judgment. The *Judgment* shall have become *Final*.

2.3     Funding of the Class Settlement Amount. The *Company* shall have caused the *Class Settlement Amount* to be deposited to the *Settlement Fund* and/or allocated to *Settlement Class Members* at the time(s) prescribed by and otherwise as provided for in Sections 7.2 and 9.2.

2.4     Settlement Authorized by Independent Fiduciary.

2.4.1    Selection of Independent Fiduciary. The *Company* will, in its sole discretion, select the *Independent Fiduciary* to provide the authorization required by Prohibited Transaction Exemption 2003-39, 68 FR 75632 (Dec. 31, 2003), as amended 75 FR 33830 (June 15, 2010). All costs reasonably borne by the *Independent Fiduciary*, including the reasonable fees of the *Independent Fiduciary* for its service up to Fifty Thousand Dollars ($50,000), shall be borne by the *Settlement Fund*.

2.4.2    At least 30 days prior to the *Fairness Hearing*, the *Independent Fiduciary* shall have approved and authorized in writing the *Settlement*, and given a release in its capacity as fiduciary of the *Plan* for and on behalf of the *Plan*, on the terms set forth in Section 3.1, in

accordance with Prohibited Transaction Class Exemption 2003-39. If the *Independent Fiduciary* disapproves or otherwise does not authorize the *Settlement* or refuses to execute the release on behalf of the *Plan*, then the *Company* shall have the option to waive this condition if so stipulated by the *Settling Parties*. Such option is to be exercised in writing within the earlier of (i) ten (10) days after the *Settling Parties'* receipt of the *Independent Fiduciary's* written determination or (ii) three (3) days prior to the date set for the *Fairness Hearing*, unless otherwise agreed by the *Settling Parties*. The *Settling Parties* shall comply with reasonable requests made by the *Independent Fiduciary*.

    2.5   <u>Confirmatory Discovery</u>. The *Settling Parties* shall cooperate in affording *Class Counsel* an opportunity for reasonable confirmatory discovery under a mutually-agreeable protective order, which discovery may include documentary and/or data discovery and/or the interview or interviews of one or more witnesses that the *Company* reasonably identifies for such purpose. If after confirmatory discovery, *Class Counsel* determine that the *Settlement* was entered into based on information that was materially inaccurate (subject to the mediation provision under Section 13.13 at the election of either party), then *Class Counsel* shall have the discretion to terminate this *Settlement Agreement*.

3.   <u>Releases</u>.

    3.1   <u>Releases of the Released Parties</u>. Subject to Section 10, upon the *Settlement Effective Date*, *Named Plaintiffs*, each *Settlement Class Member* (on behalf of themselves, their current and former beneficiaries, their *Representatives* and *Successors-In-Interest*, and the *Plan*), and the *Plan* (by and through the *Independent Fiduciary* pursuant to Section 2.4) absolutely and unconditionally release and forever discharge the *Released Parties* from *Released Claims* that the *Named Plaintiffs*, the *Settlement Class* or the *Plan* directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, except that the release under this Section 3.1 shall not include claims relating to the covenants or obligations set forth in this *Settlement Agreement*, nor do they include, and this *Settlement Agreement* does not in any way bar, limit, waive, or release, any individual claim by the *Named Plaintiffs* or a *Settlement Class Member* to vested benefits that are otherwise due under the terms of the *Plan*. Also, the form of the *Judgment* attached as Exhibit B to this *Settlement Agreement* shall provide that, effective upon entry of the *Judgment* by the *Court*, the *Named Plaintiffs* and all other *Settlement Class Members* and the *Plan* shall be permanently and finally enjoined, without the necessity of *Defendants* posting a bond, from commencing or prosecuting any actions or other proceedings asserting any of the *Released Claims* either directly, indirectly, derivatively, or in any other capacity, against any of the *Released Parties*.

    3.2   <u>Releases of the Named Plaintiffs, the Plan, the Settlement Class, and Class Counsel</u>. Upon the *Settlement Effective Date*, the *Company* (on behalf of itself and its *Representatives* and *Successors-In-Interest*) shall be deemed to have, and by operation of the *Judgment*, shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of the *Named Plaintiffs*, the *Plan*, the *Settlement Class*, and *Class Counsel* from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected,

asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, in connection with the *Actions*.

      3.3    <u>Released Claims</u>.  The *Released Claims* shall be any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature (collectively, "*Claims*"), including both known *Claims* and *Unknown Claims*, against any of the *Released Parties* and *Defendants' Counsel* (i) that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*); (ii) that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that might have been asserted in the *Actions* that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*); (iii)  that otherwise in any way arise out of, relate to, are based on, or have any connection with any assertion in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*), including but not limited to any assertion in any way arising out of, relating to, based on, or in connection with: the structure, management, monitoring, servicing, administration, size and/or expenses of the *Plan*; the selection, monitoring, fees, expenses, numerosity, performance, performance history (or absence of performance history) or any other attributes of the investment options available under the *Plan*; any alleged conflict of interest, self-dealing, or improper reversion of funds with respect to the *Plan*; any assertions regarding revenue sharing paid, received, or not recaptured in connection with the *Plan*; any assertions regarding any disclosures, reports, or filings in connection with the *Plan*; and/or any assertions with respect to any fiduciaries of the *Plan* or the selection or monitoring of those fiduciaries in connection with the foregoing; (iv) that would have been barred by res judicata had the *Actions* been fully litigated to a final judgment; and/or (v) that in any way arise out of, relate to, are based on, or have any connection with the *Plan* features reflected in Section 7.3.  With respect to the *Released Claims*, it is the intention of the *Settling Parties* and all other *Settlement Class Members* and the *Plan* expressly to waive to the fullest extent of the law: (a) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides that "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor"; and (b) the provisions, rights and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable.

      3.4    The *Settlement* shall not bar, waive, or release any claim expressly alleged in the Consolidated Complaint filed February 7, 2014 in *In re Fidelity ERISA Float Litigation*.

3.5     Dismissal with Prejudice.   The *Actions* and all *Released Claims* shall be dismissed with prejudice.  All *Parties* shall bear their own fees and costs not otherwise awarded; *Class Counsel* shall release all claims for fees and costs not awarded.

4.      Covenants.

The *Settling Parties* covenant and agree as follows:

4.1     Taxation of Class Settlement Amount.   *Plaintiffs* acknowledge that the *Released Parties* have no responsibility for any taxes due on funds deposited in or distributed from the *Settlement Fund* or that the *Plaintiffs* or *Class Counsel* receive from the *Class Settlement Amount*.  *Plaintiffs* further acknowledge that any such tax payments, and any professional, administrative or other expenses associated with such tax payments, shall be paid out of the *Settlement Fund*, as set forth more fully in Section 7.1.2.  Nothing in this *Settlement Agreement* shall constitute an admission or representation that any such taxes will or will not be due.

4.2     Subject to the *Non-Disclosure Agreement* and to a mutually-agreeable protective order for the protection of privacy, the *Company* shall, upon request of the *Settlement Administrator* and at least seven (7) days before the issuance of the *Notice*, produce to the *Settlement Administrator* names, last known addresses as they appear in the *Company*'s records, and *Average Plan Account Balances* during the *Allocation Period* for all *Settlement Class Members* for the purposes of providing the *Notice* required under Sections 2.1.2 and 8.1.1 and implementing the *Plan of Allocation* required under Section 9.  Ten (10) days after the *Settlement Effective Date*, the *Company* shall produce to the *Settlement Administrator* the *Plan* status (*i.e.*, whether current or former), for all *Settlement Class Members*.  The *Company* shall not be otherwise obligated to assist with communications to the *Settlement Class Members* or distributions to former *Plan* participants.

4.3     Both sides shall have equal access to information held by the *Settlement Administrator* given that such information is necessary to administer this *Settlement* consistent with *Class Counsel*'s obligation to do so; however, such information shall be kept in strict confidence by *Class Counsel* and subject to the *Non-Disclosure Agreement* and a mutually-agreeable protective order.

4.4     *Class Counsel* and their agents shall use any information provided by the *Company* in connection with this *Settlement Agreement* solely for the purpose of providing the *Notice* and administering this *Settlement* and for no other purpose.

4.5     Subject to the limitation on the *Company's* responsibility and liability for settlement administration set forth in Section 4.7, the *Settling Parties* shall reasonably cooperate with each other to effectuate this *Settlement*, including with respect to the *Plan of Allocation*, and shall not do anything or take any position inconsistent with obtaining a prompt *Judgment* approving the *Settlement* unless expressly permitted by this *Settlement Agreement*.  The *Settling Parties* shall suspend any and all efforts to prosecute and to defend the *Actions* pending entry of the *Judgment* or, if earlier, termination of the *Settlement Agreement*.

4.6     Covenants Not to Sue.

4.6.1   Subject to Sections 3.4 and 10, the *Named Plaintiffs* covenant and agree on behalf of themselves, the *Settlement Class*, and the *Plan*: (i) not to file against any *Released Party* or the *Plan* any additional *Claim* based on, relating to, or arising from any *Released Claim* or the *Affirmative Relief During the Settlement Period*, or refile any *Claim* brought in the *Actions*; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such *Claims* brought by any *Settlement Class Member* against any of the respective *Released Parties* or the *Plan*.

4.6.2   Subject to Sections 3.4 and 10, *Class Counsel* covenant and agree: (i) not to file on behalf of any claimant against any *Released Party* or the *Plan* any additional *Claim* based on, relating to, or arising from any *Released Claim* or the *Affirmative Relief During the Settlement Period*, or refile any *Claim* brought in the *Actions*; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such *Claims* brought by *Class Counsel* on behalf of any claimant against any of the respective *Released Parties* or the *Plan*.

4.6.3   Each member of the *Settlement Class* shall hold harmless *Defendants*, *Defendants' Counsel*, the *Released Parties*, and the *Plan* for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the *Settlement Fund* or *Net Settlement Fund* and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

4.6.4   The *Settling Parties* acknowledge that any *Settlement Class Member* or *Class Counsel* who violates these Covenants will be liable for all costs and fees, including attorneys' fees, the *Released Parties* may incur in defending against any action subject to these Covenants.

4.7     Except for complying with the *Company's* duties set forth in Sections 2.5 and 4.2, neither the *Company* nor any of the other *Released Parties* shall have any responsibility or liability for settlement administration, or for the actions of the *Financial Institution*, the *Settlement Administrator*, *Class Counsel* or their *Representatives*.

5.      Representations and Warranties.

5.1     Settling Parties' Representations and Warranties.  The *Settling Parties*, and each of them, represent and warrant as follows, and each *Settling Party* acknowledges that each other *Settling Party* is relying on these representations and warranties in entering into this *Settlement Agreement*:

5.1.1   That they have diligently litigated the *Actions*; that they are voluntarily entering into this *Settlement Agreement* as a result of arm's-length negotiations among their counsel; that in executing this *Settlement Agreement* they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and *Claims* hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided in this *Settlement Agreement*, they have not been influenced to any extent whatsoever in executing this *Settlement Agreement* by any representations, statements, or

11

omissions pertaining to any of the foregoing matters by any *Party* or by any *Person* representing any *Settling Party* other than the *Non-Disclosure Agreement*. Each *Party* assumes the risk of mistake as to facts or law.

5.1.2   That they have carefully read the contents of this *Settlement Agreement*, including the *Affirmative Relief During the Settlement Period*, and this *Settlement Agreement* is signed freely by each *Person* executing this *Settlement Agreement* on behalf of each of the *Settling Parties*. The *Settling Parties*, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the *Settlement*, this *Settlement Agreement*, and all of the matters pertaining thereto, as he, she, or it deems necessary.

5.2   Signatories' Representations and Warranties. Each *Person* executing this *Settlement Agreement* on behalf of any other *Person* does hereby personally represent and warrant that he or she has the authority to execute this *Settlement Agreement* on behalf of, and fully bind, each principal whom such individual represents or purports to represent and that no right or claim compromised pursuant to this *Settlement Agreement* has been assigned or hypothecated to any third party.

6.   No Admission of Liability.

The *Settling Parties* understand and agree that this *Settlement Agreement* embodies a compromise settlement of disputed claims, and that nothing in this *Settlement Agreement*, including the furnishing of consideration for this *Settlement Agreement*, shall be deemed to constitute any finding or admission of any wrongdoing or liability by any of the *Defendants*, or give rise to any inference of wrongdoing or liability in the *Actions* or any other proceeding. This *Settlement Agreement* and the consideration provided hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. The *Defendants* specifically deny any such liability or wrongdoing and the *Company* states that it is entering into this *Settlement Agreement* solely to eliminate the burden and expense of further litigation. Further, the *Named Plaintiffs*, while believing that all *Claims* brought in the *Actions* have merit, have concluded that the terms of this *Settlement Agreement* are fair, reasonable and adequate to the *Plan*, themselves and the *Settlement Class Members* given, among other things, the inherent risks, difficulties and delays in complex *ERISA* litigation such as the *Actions*. Neither the fact nor the terms of this *Settlement Agreement* shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this *Settlement Agreement* or arising out of or relating to the *Judgment*.

7.   Settlement Consideration.

7.1   The Settlement Fund.

7.1.1   Within ten (10) business days after entry of the *Preliminary Approval Order*, *Class Counsel* shall establish at a financial institution (the "*Financial Institution*") identified to and agreed on by *Defendants' Counsel*, a settlement fund account (the "*Settlement Fund*") which shall be considered a common fund created as a result of the *Actions*. *Class Counsel* shall designate the *Settlement Administrator* with signature authority over this account, and shall direct the *Financial Institution* and the *Settlement Administrator* to make distributions

from the *Settlement Fund* only in accordance with this *Settlement Agreement* upon written direction from the *Settlement Administrator*. For the avoidance of doubt, the *Financial Institution* and the *Settlement Administrator* shall be instructed that, absent a *Court* order, no funds are to be paid or withdrawn from the *Settlement Fund* except pursuant to Sections 8 and 9 of this *Settlement Agreement* (and the Sections of this *Settlement Agreement* explicitly cross-referenced therein) or, upon termination of this *Settlement Agreement*, pursuant to Section 10 of this *Settlement Agreement*. *Class Counsel* shall promptly notify *Defendants' Counsel* of the date of the establishment of the *Settlement Fund*, and shall confirm that withdrawals and distributions from the *Settlement Fund* are subject to the restrictions set forth in the preceding sentence. *Class Counsel* and *Defendants' Counsel* shall agree on the form and terms of an escrow agreement consistent with this *Settlement Agreement*. *Class Counsel* shall take appropriate steps to ensure that the *Settlement Fund* and all assets within the *Settlement Fund* are protected against loss due to the failure of the *Financial Institution* or other similar event.

7.1.2   The *Settlement Fund* shall bear interest and shall be invested only in United States Treasury securities and/or securities of United States agencies backed by the full faith and credit of the United States Treasury, repurchase agreements collateralized by such securities, and mutual funds or money market accounts that invest exclusively in the foregoing securities. The *Settlement Fund* shall be structured and managed to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder and shall make tax filings and provide reports to *Class Counsel* for tax purposes. The *Settling Parties* shall not take a position in any filing or before any tax authority inconsistent with such treatment. The *Settlement Fund* will pay any federal, state, and local taxes that may apply to the income of the *Settlement Fund*. The *Financial Institution* or the *Settlement Administrator* shall arrange for the preparation and filing of all tax reports and tax returns required to be filed by the *Settlement Fund* and for the payment from the *Settlement Fund* of any taxes owed, and will send *Class Counsel* copies of all such filings and receipts of payment in a timely manner. The *Financial Institution* or the *Settlement Administrator* shall be authorized to retain a certified public accounting firm for those purposes. All taxes on the income of the *Settlement Fund* and tax-related expenses incurred in connection with the taxation of the *Settlement Fund* shall be paid solely out of the *Settlement Fund*, shall be considered a cost of administration of the *Settlement*, and shall be timely paid without further order of the *Court*. The *Financial Institution* or the *Settlement Administrator* shall arrange for the preparation and issuance of any required Forms 1099 to *Persons* receiving payments from the *Settlement Fund* for administrative services, and costs incurred in connection therewith also shall be paid solely out of the *Settlement Fund*, shall be considered a cost of administration of the *Settlement*, and shall be timely paid by the *Settlement Fund* without further order of the *Court*. Costs or expenses of opening or closing the *Settlement Fund*, and all fees and expenses of the *Financial Institution*, and of the professional advisors specified above in this Section who are engaged by the *Financial Institution* in connection with the *Settlement Fund*, shall be funded solely from the *Settlement Fund*, and *Plaintiffs* expressly acknowledge that *Defendants* have no responsibility for any such fees or expenses. Upon request by *Defendants' Counsel*, the *Financial Institution* and the *Settlement Administrator* shall promptly provide *Defendants' Counsel* with copies of the all documents provided to *Class Counsel* pursuant to this Section.

7.1.3   All funds held in the *Settlement Fund* shall be deemed to be in the custody of the *Court* and shall remain subject to the jurisdiction of the *Court* until such time as the funds

are distributed pursuant to the *Final Judgment* and *Settlement Agreement* or are returned to the *Company* pursuant to Section 10.2.1.

7.2     The Class Settlement Amount.

7.2.1    In consideration of all of the promises and agreements set forth in this *Settlement Agreement* and the *Non-Disclosure Agreement*, the *Company* will make a monetary payment of no more than Twelve Million Dollars ($12,000,000) (the "*Class Settlement Amount*"). No other *Released Party* shall have any obligation to contribute financially to this *Settlement*.

7.2.2    The *Class Settlement Amount* will be paid as follows:  (a) Within ten (10) days after the entry of the *Preliminary Approval Order*, the *Company* shall cause to be deposited into the *Settlement Fund* 10% of the *Class Settlement Amount* ($1,200,000.00) in United States currency in a mutually-agreeable escrow account as provided for in Section 7.1.1; (b) Within fifteen (15) days after the *Settlement Effective Date*, the *Settlement Administrator* shall notify the *Company* of (i) the aggregate amount necessary for the *Financial Institution* or the *Settlement Administrator* to effectuate the payments set forth in Sections 8.2, 8.3 and 9.2.1; and (ii) the amount to be credited to each account that is to receive a credit pursuant to Section 9.2.2 of the *Plan of Allocation* and Appendix A; (c) Within fifteen (15) days after receiving the information described in Section 7.2.2(b) from the *Settlement Administrator*, the *Company* shall cause to be deposited into the *Settlement Fund* the amount instructed by the *Settlement Administrator* pursuant to Section 7.2.2(b)(i); (d) Within ten days of receiving from the *Company* the amount described in Section 7.2.2(c), the *Financial Institution* or the *Settlement Administrator* shall cause the distributions required under Section 8.3 to be made; (e) On the *Distribution Date* (sixty (60) days after the *Settlement Effective Date*), (i) the *Financial Institution* or the *Settlement Administrator* shall cause the distributions required under Sections 8.2 and 9.2.1 to be made; and (ii) the *Company* shall make the allocations of the *Net Settlement Fund* contemplated by Section 9.2.2 in accordance with the notification received from the *Settlement Administrator* pursuant to Section 7.2.2(b)(ii); (f) Within thirty (30) days after the *Distribution Date*, the *Company* shall cause to be deposited into the *Settlement Fund* any additional amount sufficient to allow the *Settlement Administrator* to pay those *Settlement Class Members* who ceased having a positive balance in their *Plan* account after the date of the *Plan* status report produced to the *Settlement Administrator* pursuant to Section 4.2, provided that the limit set forth in Section 7.2.1 has not been reached; and (g) Within sixty (60) days after the *Distribution Date*, the *Financial Institution* or the *Settlement Administrator* shall cause to be distributed any additional amount deposited into the *Settlement Fund* pursuant to Section 7.2.2(f).

7.2.3    Notwithstanding anything to the contrary in this *Settlement Agreement*, in no event shall the *Settlement Fund* be required to exceed the *Class Settlement Amount*, and in no event shall the *Company* or any of the *Defendants* be required to make payments or incur any expenses in excess of this amount.  In no event shall any *Defendant* other than the *Company* be required to make payments or incur any expenses under this *Settlement Agreement*.  The *Class Settlement Amount* shall be the only amount paid by *Defendants* under this *Settlement Agreement*, and the *Defendants* shall not be obligated to make any other payments under this *Settlement Agreement* or in connection with this *Settlement* including, but not limited to any payments that any of the *Plaintiffs* may claim they are entitled to under the current, former, or

future *Plan* as a result of this *Settlement* or any *Plaintiffs'* recovery under this *Settlement*, except for *any* costs of the *Independent Fiduciary* not covered pursuant to Section 2.4.1.

      7.2.4    The *Settling Parties* agree that all settlement checks mailed to *Settlement Class Members* pursuant to Sections 7.2.2(e)(i), 7.2.2(g), and 9.2.1 will be voided if not negotiated within 180 days of the date of their mailing to the *Settlement Class Member* (the "*Check Cashing Period*").  A letter shall accompany each check informing each *Settlement Class Member* of the 180-day voiding of the checks or it shall be printed on the settlement checks. Any balance remaining in the *Net Settlement Fund* after the expiration of the *Check Cashing Period* and after payment of all other amounts payable under this *Settlement Agreement* shall be paid into a *Residual Net Settlement Fund* ("RNSF").  The balance in the RNSF shall be distributed to a non-profit organization having a purpose reasonably related to the subject matter of the *Actions*, to be agreed upon by the *Settling Parties* as the *cy pres* recipient thirty days after the expiration of the *Check Cashing Period* for all outstanding checks.

      7.3    <u>Affirmative Relief During the Settlement Period</u>.  The *Company*, as sponsor of the *Plan*, shall amend the *Plan* no later than July 1, 2014, as follows, and maintain these features during the *Settlement Period* unless otherwise stated below or required by law (including *ERISA*):

      7.3.1    The default investment option under the *Plan* shall be the Fidelity Freedom Funds – Class K;

      7.3.2    The *Plan* shall allow *Plan* participants access to a large number of Fidelity and non-Fidelity mutual funds;

      7.3.3    For employees eligible for a company match at 7%, the auto-enrollment deferral rate under the *Plan* shall be raised from 3% of eligible compensation to a minimum of 7% of eligible compensation and current participants who are deferring below 7% will be defaulted to 7%.  (For these purposes "eligible compensation" refers only to regular, not variable compensation).  Both new and current *Plan* participants shall have the option to elect a different deferral rate, and both may be limited in order to facilitate compliance with applicable Internal Revenue Service (IRS) deferral limits.  Certain highly compensated participants will not have an increase in deferral rates due to the potential to exceed contribution limits under Section 415 of the Internal Revenue Code.

      7.3.4    The *Plan* shall provide that revenue sharing attributable to non-Fidelity mutual funds shall be credited to participants in the same way as revenue attributable to Fidelity mutual funds and collective trusts pursuant to the 8th amendment to the 2005 restatement of the *Plan* is credited to participants.  This revision to the *Plan* shall remain in effect for at least three years.

8.    <u>Payments from the Settlement Fund</u>.

      8.1    <u>Disbursements from the Settlement Fund prior to the Settlement Effective Date</u>. *Class Counsel*, subject to the approval of the *Company*, which approval shall not be unreasonably withheld, shall direct the *Financial Institution* or the *Settlement Administrator* to disburse money from the *Settlement Fund* as follows:

8.1.1   <u>Expenses of the Notice</u>.  After the entry of the *Preliminary Approval Order*, the *Financial Institution* shall be directed in writing to disburse from the *Settlement Fund* an amount sufficient for the payment of costs of the *Notice*.  If the *Settlement Agreement* is terminated for any reason, *Class Counsel* shall have no obligation to reimburse the *Settlement Fund* for the costs incurred for the *Notice*, or other costs or expenses of the *Settlement Fund* then incurred by the *Settlement Fund* under this *Settlement Agreement*.  *Class Counsel* will select a *Settlement Administrator* to assist with the *Notice* and administration of the *Settlement*; the *Company* shall agree to the selection, which agreement shall not unreasonably be withheld.  The *Settlement Administrator* shall enter into a confidentiality agreement and information security agreement, both of which shall be satisfactory to the *Company* to adequately protect information provided to the *Settlement Administrator* relating to the *Settlement*, including without limitation the information described in Section 4.2.  *Class Counsel* shall, with the assistance of the *Settlement Administrator*, make reasonable and customary efforts to locate and provide *Notice* to all *Settlement Class Members*.  Any costs, expenses, or fees incurred in connection with the administration of this *Settlement* shall be paid out of the *Settlement Fund*.  The *Notice* shall be by first class mail, with such additional notice as may be necessary in the opinion of the *Settlement Administrator* and *Class Counsel* to meet Constitutional and Rule standards.  *Defendants* shall have no responsibility for transmittal or distribution of the *Notice*, except with respect to the cooperation required by Section 4.2.  *Class Counsel* shall not seek or obtain any additional fee or compensation for work or expenses incurred in connection with administration of this *Settlement*.

8.1.2   For taxes and expenses of the *Settlement Fund* as provided in Section 7.1.2.

8.1.3   For fees and expenses of the *Independent Fiduciary*.  The *Financial Institution* or the *Settlement Administrator* shall be directed to disburse money from the *Settlement Fund* to pay all reasonable costs of the *Independent Fiduciary* as set forth in Section 2.4.  To the extent the *Company* pays any costs, fees or expenses to the *Independent Fiduciary* before proceeds from the *Settlement Fund* are available for distribution, the *Company* may deduct such amounts from its obligations under Section 7.2.

8.1.4   For reasonable costs and expenses of the *Settlement Administrator* in administering the *Settlement*.  The *Financial Institution* or the *Settlement Administrator* shall be directed to disburse money from the *Settlement Fund* to pay these expenses.

8.1.5   If additional funding beyond the initial deposit set forth in Section 7.2.2(a) becomes necessary to effectuate the disbursements required by this Section 8.1, then the *Company* shall deposit such additional amount within ten (10) days after receipt of written notice from the *Financial Institution* or the *Settlement Administrator*.

8.2   On the *Distribution Date*, *Class Counsel* shall direct the *Financial Institution* or the *Settlement Administrator* to disburse money from the *Settlement Fund* as follows:

8.2.1   For *Named Plaintiffs'* compensation as provided in Section 11.2.

8.2.2   Implementation of the portion of the *Plan of Allocation* set forth in Section 9.2.1.

8.3     *Class Counsel* shall direct the *Financial Institution* or the *Settlement Administrator* to disburse money from the *Settlement Fund* for attorney's fees and expenses as provided in Section 11.1.

9.      The Plan of Allocation.

9.1     This *Plan of Allocation* provides for the allocation of the *Class Settlement Amount* net of the disbursements called for in Sections 8.1, 8.2.1 and 8.3 ("*Net Settlement Fund*").

9.2     The *Net Settlement Fund* shall be allocated as among the *Settlement Class Members* pro rata based on their *Average Plan Account Balance* during the *Allocation Period*, subject to Sections 9.2.3 and 9.2.4, and as described in more detail in Appendix A.  The *Net Settlement Fund* shall be distributed to the *Settlement Class* as follows:

9.2.1     *Settlement Class Members* who no longer have a positive balance in their *Plan* account as of the *Distribution Date* shall receive a check from the *Settlement Administrator*.

9.2.2     All other *Settlement Class Members*, *i.e.*, *Settlement Class Members* who have a *Plan* account with a positive balance as of the *Distribution Date*, shall receive from the *Company* his or her pro rata share of the *Net Settlement Fund* subject to Section 9.2.3 into his or her *Plan* account.  To the extent feasible and ascertainable, those settlement proceeds will be invested based on the participant's election mix for new contributions or, if no such election is in effect, to the applicable Qualified Default Investment Alternative (QDIA).

9.2.3     No payment made in Sections 9.2.1 and 9.2.2 shall be lower than $10 per *Settlement Class Member*; any *Settlement Class Member* whose entitlement to payment based on their *Average Plan Account Balance* during the *Allocation Period* would otherwise be below $10 will receive a payment of $10.

9.2.4     Any *Settlement Class Member* who did not have a positive balance in his or her *Plan* account prior to January 1, 2014 shall receive a distribution of $10, which the *Settling Parties* agree is a reasonable amount for such *Settlement Class Members*.

9.2.5     All *Settlement Class Members* shall be entitled to participate in the *Plan of Allocation*.

9.2.6     The *Settlement Administrator* shall effectuate the *Plan of Allocation* following the process set forth in Appendix A.

9.3     The *Net Settlement Fund* distributed to the *Plan's* trust pursuant to this *Plan of Allocation* shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

9.4     The *Settlement Administrator* shall be solely responsible and liable for performing any of the calculations and determinations required by the *Plan of Allocation*, including calculating the amount required to be paid or credited to each *Settlement Class Member* pursuant to Appendix A.  The *Settling Parties* have no responsibility to confirm or verify the accuracy of the calculations made by the *Settlement Administrator*.  The *Company's* responsibility with

respect to the amounts to be paid to each *Settlement Class Member* are limited to payment of the amounts set forth in the notification required by Section 7.2.2. The *Settling Parties* shall have no responsibility or liability with respect thereto. The *Settling Parties* also shall have no liability arising from taking any action in reliance on the *Settlement Administrator*.

9.5    Each *Settlement Class Member* who receives a payment or *Plan* account credit under this *Settlement Agreement* shall be fully and ultimately responsible for payment of any and all federal, state or local taxes resulting from or attributable to the payment received by such person. Each *Settlement Class Member* shall hold *Defendants, Defendants' Counsel, the Released Parties, Class Counsel* and the *Settlement Administrator* harmless from any tax liability, including penalties and interest, related in any way to payments or credits under the *Settlement Agreement*, and shall hold the *Released Parties, Defendants' Counsel, Class Counsel* and the *Settlement Administrator* harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

10.    Termination of the Settlement Agreement.

10.1    Termination.  This *Settlement Agreement* shall terminate (a) if and when any of the conditions specified in Section 2 is not satisfied, or (b) if the *Judgment* does not become *Final*, or (c) at the option of the *Company*, if the *Court* does not certify the *Settlement Class* as a non-opt-out class as provided in Section 2.1.4. Notwithstanding the foregoing, this *Settlement Agreement* shall not terminate because a court of competent jurisdiction modifies, reverses, or refuses to enter any order relating to the award of attorneys' fees and expenses or compensation for the *Named Plaintiffs*. If, within thirty (30) days after the date when any reversal or modification which would cause this *Settlement Agreement* to terminate becomes final, the *Settling Parties* have not agreed in writing to proceed with all or part of the *Settlement Agreement* in light of such ruling, then this *Settlement Agreement* shall automatically terminate and thereupon become null and void, except as otherwise provided in this *Settlement Agreement*.

10.2    Consequences of Termination of the Settlement Agreement.  If the *Settlement Agreement* is terminated, the following shall occur:

10.2.1    *Class Counsel* and *Defendants' Counsel* shall within ten (l0) days after the date of termination of the *Settlement Agreement* jointly notify the *Financial Institution* in writing to return to the *Company*, or its designee, the full amount contained in the *Settlement Fund*, with all net income earned thereon, after deduction of any amounts earlier disbursed and/or incurred by the *Settlement Fund* as of the termination, and direct the *Financial Institution* to effect such return within fourteen (14) days after such notification. Prior to the return of amounts contemplated by this Section 10.2.1, the *Financial Institution* shall fully and finally fulfill and set aside for any and all tax obligations of the *Settlement Fund* as set forth in Section 7.1.2 and the *Company* shall have no past, present, or future liability whatsoever for any such tax obligations.

10.2.2    The *Actions* shall for all purposes with respect to the *Parties* revert to their statuses as of April 24, 2014, prior to the *Settlement*. Any and all statutes of limitations, statutes of repose and/or other defenses based upon the passage of time applicable to the *Claims* asserted

in the *Actions* shall be tolled from April 24, 2014 to the termination of this *Settlement Agreement*.

        10.2.3  All provisions of this *Settlement Agreement* shall be null and void except as otherwise provided in this *Settlement Agreement*.

11.    <u>Attorneys' Fees and Expenses</u>.

    11.1    <u>Application for Attorneys' Fees and Expenses</u>.  *Class Counsel* shall apply to the *Court* for an award of attorneys' fees and reimbursement of expenses payable from the *Settlement Fund*, and shall further provide to the *Court*, as part of the motion for approval of the *Settlement*, all necessary information required by the *Court* concerning the total award of attorneys' fees and reimbursement of expenses to be payable from the *Settlement Fund*.  Such application shall be made prior to the deadline for objections to the *Settlement* as set forth in the Notice.

    11.2    <u>Service Payments</u>.  *Named Plaintiffs* shall petition the *Court* for a case contribution award not to exceed $5,000 each in recognition of their service as class representatives.  Such award shall be payable solely from the *Settlement Fund*.  *Named Plaintiffs* shall also be entitled to further distribution under this *Settlement* pursuant to Section 9.2 as *Settlement Class Members*.

    11.3    *Defendants* will not object to or otherwise comment on the requests set forth in Sections 11.1 and 11.2.

    11.4    Such amounts as are awarded by the *Court* to *Class Counsel* from the *Settlement Fund* shall be payable by the *Financial Institution* or the *Settlement Administrator* as set forth in Sections 7.2.2(d) and 8.3, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the *Settlement* or any part thereof, subject to *Class Counsel's* obligations to make appropriate refunds or repayments to the *Settlement Fund* plus accrued interest at the same rate as is earned by the *Settlement Fund*, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or for whatever reason the *Settlement* is terminated pursuant to Section 10.  *Defendants* shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by *Class Counsel*, which shall be payable solely from the *Settlement Fund*, or for any case contribution award to *Named Plaintiffs*, which also shall be payable solely from the *Settlement Fund*.

12.    <u>Confidentiality and Communications Regarding Settlement and the Actions</u>.

    12.1    The *Settlement* shall remain confidential until the *Preliminary Approval Motion* is filed.

    12.2    After the *Preliminary Approval Motion* is filed, any public statements by *Named Plaintiffs* and *Class Counsel* concerning the *Actions* and the *Settlement* shall be subject to the *Non-Disclosure Agreement*, which shall remain in effect.  *Class Counsel* acknowledge that their foregoing undertaking is a material condition of the *Company*'s agreement to enter into this *Settlement Agreement*.

13.    <u>Miscellaneous Provisions</u>.

13.1    <u>Governing Law</u>.  This *Settlement Agreement* shall be governed by the laws of the Commonwealth of Massachusetts without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth in this *Settlement Agreement*, in which case such federal law shall govern.

13.2    <u>Amendment</u>.  Before entry of the *Judgment*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Settling Parties*. Following entry of the *Judgment*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Settling Parties* and approved by the *Court*.

13.3    <u>Waiver</u>.  The provisions of this *Settlement Agreement* may be waived only by an instrument in writing executed by the waiving party.  The waiver by any party of any breach of this *Settlement Agreement* shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this *Settlement Agreement*.

13.4    <u>Construction</u>.  None of the *Settling Parties* shall be considered to be the drafter of this *Settlement Agreement* or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

13.5    <u>Principles of Interpretation</u>.  The following principles of interpretation apply to this *Settlement Agreement*:

13.5.1    <u>Headings</u>.  The headings of this *Settlement Agreement* are for reference purposes only and do not affect in any way the meaning or interpretation of this *Settlement Agreement*.

13.5.2    <u>Singular and Plural</u>.  Definitions apply to the singular and plural forms of each term defined.

13.5.3    <u>Gender</u>.  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

13.5.4    <u>References to a Person</u>.  References to a *Person* are also to the *Person's* permitted successors and assignees.

13.5.5    <u>Terms of Inclusion</u>.  Whenever the words "include," "includes," or "including" are used in this *Settlement Agreement*, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

13.6    <u>Further Assurances</u>.  Each of the *Settling Parties* agrees, without further consideration, and as part of finalizing the *Settlement* hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this *Settlement Agreement*.

13.7    Survival.  All representations, warranties and covenants set forth in this *Settlement Agreement* shall be deemed continuing and shall survive the termination or expiration of this *Settlement Agreement*.

13.8    Notices.  Any notice, demand, or other communication under this *Settlement Agreement* (other than the *Notice*, or other notice given at the direction of the *Court*) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier:

IF TO *NAMED PLAINTIFFS*:

>   Gregory Y. Porter
>   Gabriel Siegle
>   BAILEY & GLASSER LLP
>   910 17th Street, Suite 800
>   Washington, DC 20006
>
>   Todd M. Schneider
>   SCHNEIDER WALLACE
>   COTTRELL KONECKY LLP
>   180 Montgomery Street, Suite 2000
>   San Francisco, CA 94104
>   Tel: (415) 421-7100
>   Fax: (415) 421-7105

IF TO *DEFENDANTS*:

>   James O. Fleckner
>   GOODWIN PROCTER LLP
>   Exchange Place
>   Boston, MA 02109
>
>   Alison V. Douglass
>   GOODWIN PROCTER LLP
>   Exchange Place
>   Boston, MA 02109

13.9    Entire Agreement.  This *Settlement Agreement* and the *Non-Disclosure Agreement* contain the entire agreement among the *Parties* relating to this *Settlement*.  This *Settlement Agreement* specifically supersedes any settlement terms or settlement agreements relating to the *Defendants* that were previously agreed upon orally or in writing by any of the *Parties*.

13.10    Counterparts.  This *Settlement Agreement* may be executed by exchange of faxed executed signature pages, and any signature transmitted by facsimile for the purpose of executing this *Settlement Agreement* shall be deemed an original signature for purposes of this *Settlement*

*Agreement*.  This *Settlement Agreement* may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

13.11   Binding Effect.  This *Settlement Agreement* binds and inures to the benefit of the *Parties*, their *Representatives* and *Successors-In-Interest*.

13.12   Agreement Execution Date.  The date on which the final signature is affixed below shall be the *Agreement Execution Date*.

13.13   Disputes.  The *Settling Parties* agree to submit any disputes arising under this Agreement to non-binding mediation before the *Mediator*, with any such session occurring telephonically if convenient to the *Settling Parties* and *Mediator*.  This process shall not be available after the *Settlement Effective Date*.

IN WITNESS WHEREOF, the *Settling Parties* have executed this *Settlement Agreement* on the date set forth below.

Dated: July 1, 2014

FOR THE PLAINTIFFS

_____
John Roddy, BBO No. 424240
Elizabeth Ryan, BBO No. 549632
BAILEY & GLASSER LLP
125 Summer Street
Suite 1030
Boston, MA 02110
Tel: (617) 439-6730
Fax: (617) 951-3954

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

Garrett W. Wotkyns
Michael C. McKay
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

8501 North Scottsdale Rd., Suite 270
Scottsdale, AZ 85253
Tel: (480) 428-0142
Fax: (866) 505-8036

Peter Mougey
Laura Dunning
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7121
Fax: (850) 436-6147

Gregory Y. Porter
Gabriel Siegle
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Joseph C. Peiffer
Daniel Carr
PEIFFER ROSCA ABDULLAH
& CARR, LLC
201 St. Charles Avenue, Suite 4610
New Orleans, LA 70170-4600
Tel: (504) 523-2434
Fax: (504) 523-2464

FOR FMR LLC


_____

James O. Fleckner (BBO # 641494)
Joseph F. Savage, Jr. (BBO # 443030)
Alison V. Douglass (BBO # 646861)
Abigail K. Hemani (BBO # 650721)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax.:  617.523.1231

APPENDIX A

The amounts due each *Settlement Class Member* shall be calculated by the *Settlement Administrator* pursuant to the *Plan of Allocation* as follows:

1.  The *Settlement Administrator* shall obtain from the *Company* the *Average Plan Account Balances* and the number of *Settlement Class Members* who did not have a positive balance in his or her *Plan* account prior to January 1, 2014. The *Settlement Administrator* shall also obtain, in writing, an agreement between the *Company, Class Counsel*, and the *Settlement Administrator* as to the amount of the *Net Settlement Fund*.

2.  The *Settlement Administrator* shall multiply (a) the number of *Settlement Class Members* who did not have a positive balance in his or her *Plan* account prior to January 1, 2014 and (b) ten dollars ($10.00). The product of which ("*2014 Class Member Payments*") represents the amount of the *Net Settlement Fund* that shall be used to satisfy the requirement of Section 9.2.4.

3.  The *Settlement Administrator* shall then subtract the *2014 Class Member Payments* from the *Net Settlement Fund*. The difference shall be the "*Remaining Net Settlement Fund*," expressed as:

    *Net Settlement Fund − 2014 Class Member Payments = Remaining Net Settlement Fund*

4.  For each *Settlement Class Member* who had a positive balance in his or her Plan account prior to January 1, 2014, the *Settlement Administrator* shall divide that *Settlement Class Member*'s *Average Plan Account Balance* by the sum of all *Average Plan Account Balances* ("*Average Settlement Class Holdings*"), with the quotient representing the *Entitlement Percentage* for each such *Settlement Class Member*, expressed as:

    *Average Plan Account Balance / Average Settlement Class Holdings = Entitlement Percentage*

5.  The *Settlement Administrator* shall next multiply the *Entitlement Percentage* by the *Remaining Net Settlement Fund*, with the product representing the *Preliminary Entitlement Amount* for each *Settlement Class Member* who had a positive balance in his or her Plan account prior to January 1, 2014, expressed as:

    *Entitlement Percentage x Remaining Net Settlement Fund = Preliminary Entitlement Amount*

6.  The *Settlement Administrator* shall multiply (a) the number of *Settlement Class Members* who had a positive balance in his or her Plan accounts prior to January 1, 2014 and for whom the *Preliminary Entitlement Amount* is less than ten dollars ($10.00) and (b) ten dollars ($10.00). The product of which ("*De Minimis Class Member Payments*") represents the amount of the *Net Settlement Fund* that shall be used to satisfy the requirement of Section 9.2.3.

25

7. The *Settlement Administrator* shall subtract the *De Minimis Class Member Payments* from the *Remaining Net Settlement Fund*. The difference shall be the "*Adjusted Remaining Net Settlement Fund*," expressed as:

   *Remaining Net Settlement Fund – De Minimis Class Member Payments = Adjusted Remaining Net Settlement Fund*

8. For each *Settlement Class Member* who had a positive balance in his or her Plan account prior to January 1, 2014 and for whom the *Preliminary Entitlement Amount* was not less than ten dollars ($10.00), the *Settlement Administrator* shall determine the *Adjusted Preliminary Entitlement Amount* by multiplying the *Entitlement Percentage* by the *Adjusted Remaining Net Settlement Fund*, with the product representing the "*Adjusted Preliminary Entitlement Amount*," expressed as:

   *Entitlement Percentage* x *Adjusted Remaining Net Settlement Fund = Adjusted Preliminary Entitlement Amount*

9. The *Settlement Administrator* shall continue to repeat steps 6, 7, and 8, until such time as the calculations result in no additional *Settlement Class Members* who have either a *Preliminary Entitlement Amount* or *Adjusted Preliminary Entitlement Amount* less than ten dollars ($10.00). Every time that the *Settlement Administrator* repeats the calculations in steps 6, 7, and 8 after the initial calculation, it shall re-calculate the *De Minimis Class Member Payments* by adding the number of *Settlement Class Members* for whom any prior *Preliminary Entitlement Amount* was less than ten dollars ($10.00) to the number of *Settlement Class Members* for whom the *Adjusted Preliminary Entitlement Amount* was less than ten dollars ($10.00). The final re-calculation required under this step will result in an aggregate number of *De Minimis Class Member Payments* that includes any instance of a *Preliminary Entitlement Amount* or *Adjusted Preliminary Entitlement Amount* being less than ten dollars ($10.00), which result shall be called the "*Final De Minimis Class Member Payments*." Otherwise stated, each time that the *Settlement Administrator* runs its calculations under steps 6, 7, and 8, it shall continue removing from its calculations those *Settlement Class Members* who are entitled to only a ten dollar ($10.00) payment under Sections 9.2.3 and 9.2.4, until the recalculated pro rata allocation to each *Settlement Class* member results in the determination of the *Final De Minimis Class Member Payments*. The effect will be such that no Settlement Class Member will receive less than ten dollars ($10.00).

10. The *Settlement Administrator* shall then subtract the *2014 Class Member Payments* and *Final De Minimis Class Member Payments* from the *Net Settlement Fund*, to determine the "*Net Settlement Fund For Distribution*," expressed as:

    *Net Settlement Fund – 2014 Class Member Payments – Final De Minimis Class Member Payments = Net Settlement Fund For Distribution*

11. For every *Settlement Class Member* who is not eligible for a *2014 Class Member Payment* or a *Final De Minimis Class Member Payment*, the *Settlement Administrator* shall then determine that *Settlement Class Member*'s "*Final Allocation*" by multiplying

such *Settlement Class Member*'s *Entitlement Percentage* by the *Net Settlement Fund For Distribution*, expressed as:

*Entitlement Percentage* x *Net Settlement Fund For Distribution* = *Final Allocation*

12. The *Settlement Administrator* shall utilize the calculations required to be performed herein for (a) providing the notification set forth in section 7.2.2; (b) making the distributions required under Section 9.2.1; and (c) instructing the *Company* as to the amounts to be distributed under Section 9.2.2. The notifications set forth in paragraph 7.2.2(b) of the *Settlement Agreement* shall be provided to the *Company* within fifteen days of the *Settlement Effective Date*. Notwithstanding any other provision of the *Plan of Allocation*, under no circumstances shall the totals of section (b) and (c) of this paragraph 12 exceed the *Net Settlement Fund*. In the event that the *Settlement Administrator* determines that the totals of sections (b) and (c) of this paragraph 12 exceed the *Net Settlement Fund*, the *Settlement Administrator* is authorized to make such changes as are necessary to the *Plan of Allocation* such that said totals do not exceed the *Net Settlement Fund*.

13. If the *Settlement Administrator* concludes that it is impracticable to implement any provision of the *Plan of Allocation*, it shall be authorized to make such changes to the methodology as are necessary to implement as closely as possible the terms of the *Settlement Agreement*, so long as the total amount of all checks to be written by the *Settlement Administrator* plus the total amount of all credits that the *Company* is instructed to make do not under any circumstances exceed the *Net Settlement Fund*.

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **LORI BILEWICZ, *et al.*,** and all others similarly situated, | ) ) ) | |
| **Plaintiffs,** vs. | ) ) ) | Civil Action No. 13-10636-DJC |
| **FMR LLC; FMR LLC INVESTMENT COMMITTEE;** and John and Jane Does 1-25, | ) ) ) ) | |
| <u>      Defendants.      </u> | ) ) | |
| **AIDEN YEAW, ALEX C. BROWN,** and all others similarly situated, | ) ) ) | |
| **Plaintiffs,** vs. | ) ) ) | Civil Action No. 14-10035-DJC |
| **FMR LLC; FMR LLC RETIREMENT COMMITTEE;** and John and Jane Does 1-25, | ) ) ) ) | |
| <u>      Defendants.      </u> | ) ) | |

**ORDER (1) CONSOLIDATING THE ACTIONS, (2) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS AS A NON-OPT-OUT CLASS AND APPOINTING CLASS COUNSEL, (3) GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT, (4) DIRECTING NOTICE TO SETTLEMENT CLASS MEMBERS AND APPROVING THE PLAN AND FORM OF NOTICE, (5) APPOINTING A SETTLEMENT ADMINISTRATOR, (6) SCHEDULING A FAIRNESS HEARING, AND (7) SCHEDULING A HEARING ON CLASS COUNSEL'S MOTION FOR FEES AND COSTS AND THE PAYMENT OF SERVICE AWARDS FOR THE NAMED PLAINTIFFS**

The Court having received and considered the unopposed Motion (the "Motion") by

Plaintiffs in the above-captioned actions (the "Actions") for an Order (1) consolidating the Actions;

(2) conditionally certifying the Settlement Class as a non-opt-out class and appointing Class Counsel;

(3) granting preliminary approval of the Settlement; (4) directing notice to Settlement Class Members

and approving the plan and form of notice; (5) appointing KCC Class Action Services LLC as

Settlement Administrator; (6) scheduling a Fairness Hearing; and (7) scheduling a hearing on Class

Counsel's impending motion for fees and costs and the payment of service awards for the Named

Plaintiffs, and supporting papers including the Class Action Settlement Agreement dated July 1 2014

(the "Settlement Agreement") and the declarations of counsel, and having further considered the

arguments of counsel and the pleadings and record in this case and finding good cause for granting

the Motion,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.     Capitalized terms used in this Order that are not otherwise identified herein have the

meaning assigned to them in the Settlement Agreement.

2.     This Court has jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.     Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.     The Court grants the motion to consolidate *Bilewicz v. FMR LLC*, No. 13-10636-DJC

(D. Mass.) and *Yeaw v. FMR LLC*, No. 14-10035-DJC (D. Mass.) for settlement purposes.

5.     The terms of settlement ("Settlement") set forth in the Settlement Agreement are

hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for

below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to

warrant the preliminary approval of the Settlement, the scheduling of the Fairness Hearing, and the

mailing of notices to Settlement Class Members, each as provided for in this Order. The Court

further finds that the formula proposed by Named Plaintiffs and Class Counsel for allocating the

Net Settlement Fund among Settlement Class Members is fair and reasonable.

6.     The Court approves the retention by Class Counsel of KCC Class Action Services

LLC as the Settlement Administrator.

7.     The Court approves the Notice of proposed Class Action Settlement ("Notice") in substantially the form attached hereto as Exhibit 1.

**Class Certification for Settlement Purposes**

8.     Pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a non-opt-out Settlement Class consisting of all persons who participated in the Plan at any time during the Settlement Class Period (March 20, 2007 through [either (i) the date of the Settlement Agreement or (ii) or in the event that the preliminary approval order is not entered before July 28, 2014, then July 28, 2014], except for Committee Members[1].  A person has "participated" in the Plan for this purpose if he or she had a positive balance in the Plan at any time during the Settlement Class Period.

9.     Solely for purposes of the proposed Settlement of these Actions, the Court finds that each element required for certification of the Settlement Class pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Actions would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) prosecution of separate actions by individual members of the Settlement Class would create a risk of: (1) inconsistent or varying adjudications as to individual Settlement Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in these Actions or (2) adjudications as to individual Settlement Class Members that

---

[1] The Settlement Agreement defines Committee Members as members of the FMR LLC Investment Committee, during the period March 20, 2007 through March 19, 2013, and the FMR LLC Retirement Committee, during the period January 8, 2008 through January 7, 2014.

3

would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

10.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Named Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Named Plaintiffs' Counsel as Class Counsel for the Settlement Class.

## Manner of Giving Notice

11.     Not later than seven (7) days before Notice is to be supplied to Settlement Class Members, FMR LLC ("FMR") shall provide the Settlement Administrator with the names and last known addresses of the Settlement Class Members. The names and addresses that the Settlement Administrator obtains pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

12.     Not later than ten (10) days after entry of this Order, the Settlement Administrator shall cause copies of the Notice to be mailed by first-class mail, postage pre-paid, to all Settlement Class Members through the notice procedure described in the Settlement Agreement.

13.     Not later than _____, 2014, the Settlement Administrator shall provide to Class Counsel and to Defendants' Counsel a declaration attesting to compliance with the service of the Settlement Notices, as set forth above. The cost of giving notice to the Settlement Class Members as specified in this Order shall be paid as set forth in the Settlement Agreement.

14.     The Court finds that the notice to be provided as set forth in this Order is the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, the

4

hearing on the motion for fees, or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

15.     All reasonable costs incurred by Settling Plaintiffs' Counsel or the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

### Fairness Hearing

16.     The Court will hold a settlement hearing (the "Fairness Hearing") on _____, 2014 at __:__ _.m. in Courtroom 11 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Actions against Defendants with respect to Settlement Class Members; (c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Settling Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Fairness Hearing shall be given to Settlement Class Members as set forth in Paragraph 12 of this Order.

17.     The Court may adjourn the Fairness Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

18.     Not later than [thirty days after Preliminary Approval Order], Class Counsel shall submit their papers in support of final approval of the Settlement, Class Counsel's applications for attorneys' fees, expenses, and service payments. Either or both of the Settling Parties may submit papers in response to any timely-filed objections on or before [seventy days after Preliminary Approval Order].

## Objections to the Settlement

19.     The Court will consider written comments and objections to the Settlement, to the proposed award of attorneys' fees and expenses, or to the request for service payments for the Plaintiffs only if such written comments or objections are filed with the Court Clerk on or before [forty-five days after the Settlement Administrator issues the Notice], comply with the requirements of Paragraph 20 below, and are served on the Settling Parties at the following addresses:

For Filing with the Court:

Clerk of the U.S. District Court for the District of Massachusetts
Federal Building and United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210
Re: *Bilewicz, et al. v. FMR LLC, et al.*, Civil Action No. 13-10636-DJC
    *Yeaw, et al. v. FMR LLC, et al.*, Civil Action No. 14-10035-DJC

To Class Counsel:

| Gregory Y. Porter | Todd Schneider |
|---|---|
| BAILEY & GLASSER LLP | SCHNEIDER WALLACE |
| 910 17th Street, NW | COTTRELL KONECKY LLP |
| Suite 800 | 180 Montgomery Street, Suite 2000 |
| Washington, DC 20006 | San Francisco, CA 94104 |

To Defendants' Counsel:

| James O. Fleckner, Esq. | Alison V. Douglass, Esq. |
|---|---|
| Goodwin Procter LLP | Goodwin Procter LLP |
| 53 State Street | 53 State Street |
| Boston, MA  02109 | Boston, MA  02109 |

20.     The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court and include all of the following: (a) the name of the Actions; (b) the Settlement Class Member's full name, address, telephone number, and signature; (c) a statement that the writer is a Settlement Class Member and an explanation of the basis upon which the writer claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel, (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/or testify at the Fairness Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an order from the Court. The Named Plaintiffs and/or FMR may, at their own expense, take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

21.     Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court Clerk by no later than forty-five days after the issuance of the Notice. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to

appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

## Termination of Settlement

22.     This Order shall become null and void, ab initio, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective statuses as of April 24, 2014, prior to the Settlement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

## Use of Order

23.     This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Defendant of, wrongdoing or liability in the Actions or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendants specifically deny any fault, breach, liability or wrongdoing.

**<u>Jurisdiction</u>**

24.     The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

SO ORDERED this _____ day of _____, 2014.


_____
                        The Honorable Denise J. Casper
                        United States District Judge

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LORI BILEWICZ, ET AL.,**<br>and all others similarly situated,<br><br>     **Plaintiffs,**<br><br>          **vs.**<br><br>**FMR LLC; FMR LLC INVESTMENT COMMITTEE;**<br>and John and Jane Does 1-25,<br><br>     **Defendants.** | **CIVIL ACTION NO. 13-10636-DJC** |
| **AIDEN YEAW,  ET AL.,**<br>and all others similarly situated,<br><br>     **Plaintiffs,**<br><br>          **vs.**<br><br>**FMR LLC; FMR LLC RETIREMENT COMMITTEE; and John and Jane Does 1-25,**<br><br>     **Defendants.** | **CIVIL ACTION NO. 14-10035-DJC** |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*A federal court has authorized this Notice. This is **not** a solicitation from a lawyer.*

### PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS.

You are receiving this notice because the records maintained by the Defendants in the above-captioned federal lawsuits indicate that you are or have been a participant in the FMR LLC Profit Sharing Plan ("the Plan") at some time during the period March 20, 2007 through [either (i) the date of the Settlement Agreement or (ii) in the event that the preliminary approval order is not entered before July 28, 2014, then July 28, 2014]. As such, your rights may be affected by a proposed class action settlement ("the Settlement") of these two lawsuits, which have been consolidated by the Court for the purpose of settlement. **Please read the following information carefully to find out what the lawsuits are about, what the terms of the proposed settlement are, what rights you have to object**

**QUESTIONS? CONTACT CLASS COUNSEL LISTED IN THIS NOTICE OR VISIT**
**www.fidelity401klawsuit.com**
DO NOT CONTACT THE COURT FOR INFORMATION

to the proposed settlement agreement if you disagree with its terms, and what deadlines apply to the right to object to the proposed settlement.

## What the Lawsuits are About

The proposed class action settlement involves two lawsuits that were filed in the same federal district court against the same or related defendants. Both cases involve claims that the Defendants violated a federal law, the Employee Retirement Income Security Act of 1974 ("ERISA"), by failing to comply with their responsibilities under ERISA as alleged fiduciaries to the Plan and Plan participants in the management of the Plan.  In *Bilewicz, et al. v. FMR LLC, et al.*, Civil Action No. 13-10636-DJC, the Plan participants who filed the lawsuit ("Plaintiffs") claim that Defendants acted in their own self-interest instead of the interests of Plan participants by including in the Plan's investment options a disproportionate number of FMR LLC ("FMR") mutual funds. As a result, the Plaintiffs claim, Plan participants paid higher fees and obtained less return on their investment while Defendants benefited from fees on these funds that were collected by Defendants or their subsidiaries. In the other case, *Yeaw, et al. v. FMR LLC, et al.*, Civil Action No. 14-10035-DJC, the Plaintiffs claim that Defendants breached their fiduciary duties by failing to obtain favorable revenue-sharing rebate arrangements.

The allegations in both cases are the bases for the Plaintiffs' claims that the Defendants' breached their fiduciary duty of loyalty to the Plan and Plan participants under ERISA and that they engaged in prohibited transactions. For these alleged violations, Plaintiffs seek damages and an Order from the Court requiring that Defendants restructure the Plan to rectify the alleged violations.

Defendants have asserted, or would assert should the litigation continue, a number of defenses to Plaintiffs' claims.  The Defendants deny the allegations made in both cases. Defendants maintain that their decision to offer a broad array of FMR mutual funds to Plan participants was not self-interested but, rather, was in the best interests of the Plan.  Among the defenses that Defendants would have asserted are the following:  Defendants believed that FMR provided an extensive platform of high quality mutual funds with an appropriate investment mix for its current and former employees; FMR offered a broad array of mutual funds to Plan participants, including funds in many different asset classes and with a wide variety of risk profiles and a range of fee structures; participants could select among these diverse options themselves, or to have an expert select and manage their investments for them, free of charge; and the investment objectives, risks and costs of those investments were fully disclosed in writing to all participants before they made any investment decisions. Defendants have already asserted a number of other defenses in the litigation that they would maintain should the case proceed:  Fidelity contributed over $2.5 billion of its own money to Plan participants' accounts between 2007 and 2012; the Department of Labor expressly allows financial service providers who sponsor 401(k) plans to offer their own products to plan participants; the claims are time-barred under ERISA's statutes of limitations and repose; and certain claims are barred by the constitutional standing doctrine.

**QUESTIONS? CONTACT CLASS COUNSEL LISTED IN THIS NOTICE OR VISIT**
**www.fidelity401klawsuit.com**
DO NOT CONTACT THE COURT FOR INFORMATION

## The Terms of the Settlement

Rather than proceed to trial in these lawsuits, which will involve the substantial expenditure of time and resources, Plaintiffs and FMR have agreed to a settlement that involves both monetary payments to Plan participants and acceleration of changes in the structure of the Plan. These and other terms of the Settlement are set forth in the Class Action Settlement Agreement dated July 1, 2014 ("Settlement Agreement"), and described below.

       1.      The Scope of the Class Covered by the Settlement. The proposed Settlement Agreement would be a class action settlement that would cover and be binding on the following class of individuals ("Settlement Class" or "Settlement Class Members"):

> all persons who participated in the *Plan* (defined as the FMR LLC Profit Sharing Plan, and all predecessor plans or successor plans, individually and collectively, and any trust created under such Plan) during the *Settlement Class Period* (defined as March 20, 2007 through [either (i)the date of the Settlement Agreement or, (ii) in the event the Court does not enter the preliminary approval order before July 28, 2014, then July 28, 2014]), except for *Committee Members* (defined as members of the FMR LLC Investment Committee from March 20, 2007 through March 19, 2013, and the FMR LLC Retirement Committee from January 8, 2008 through January 7, 2014). A person has "participated" in the *Plan* for this purpose if he or she had a positive balance in the *Plan* at any time during the *Settlement Class Period.*

Whether a person meets this definition or not will be based on the Plan's records. You have received this notice because, based upon those records, you are believed to be a class member.

       2.      The Payment and Allocation of a Settlement Fund. As part of the Settlement, FMR has agreed to make a payment of $12 million for the benefit of the class. This sum, after the deduction of reasonable amounts to be approved by the Court for expenses, attorneys' fees and a service award paid to the named Plaintiffs for services rendered in prosecuting this case on behalf of the Settlement Class ("Service Payments"), will be distributed to Settlement Class Members on a pro rata basis, based on their average account balances during the period of March 20, 2007 through December 31, 2013, except that no Settlement Class Member shall receive less than $10. Settlement Class Members who did not have any balance in their accounts prior to January 1, 2014 will receive $10. Settlement Class Members who have a positive account balance in their Plan account at the time of the distribution will receive settlement proceeds into their Plan account. To the extent feasible and ascertainable, those settlement proceeds will be invested based on the Settlement Class Member's election mix for new contributions or, if no such election is in effect, to the applicable qualified default investment option. Settlement Class Members who no longer have a positive balance in their Plan account as of the date of distribution will receive a check from the Settlement Administrator.

**QUESTIONS? CONTACT CLASS COUNSEL LISTED IN THIS NOTICE OR VISIT**
**www.fidelity401klawsuit.com**
DO NOT CONTACT THE COURT FOR INFORMATION

In addition, FMR may select an independent fiduciary to provide such authorization as may be required by Prohibited Transaction Exemption 2003-39. All costs reasonably borne by the independent fiduciary, including the reasonable fees of the independent fiduciary for its service not to exceed $50,000, shall be borne by the Settlement Fund.

   3.     <u>Non-Monetary Relief</u>: In addition to the monetary payment, FMR will be implementing the following changes to the Plan, and has agreed that such changes will be in effect for at least two years following the effective date of the amendment, unless otherwise noted:

   (1)  The Plan will make available a wide selection of both Fidelity and non-Fidelity mutual funds.

   (2)  The Plan will also continue to offer: (i) the Fidelity Freedom Funds – Class K as the Plan's qualified default investment alternative; and (ii) Fidelity's portfolio advisory service, Portfolio Advisory Services at Work (PAS-W).  PAS-W will continue to be offered at no cost to participants.

   (3)  Fidelity is increasing auto-enrollment for eligible employees from 3% to 7% of eligible compensation, and will default current participants who are currently deferring below 7% to 7% of eligible compensation. Fidelity will apply its match to those increased contributions.

   (4)  The Plan shall provide that revenue sharing attributable to non-Fidelity mutual funds shall be credited to participants in the same way as revenue attributable to Fidelity mutual funds and collective trusts pursuant to the 8th amendment to the 2005 restatement of the Plan is credited to participants.  This revision to the Plan shall remain in effect for at least three years. .

   4.     <u>The Classwide Release of Claims.</u>  In exchange for payment of the Settlement Fund by FMR and the changes in the Plan structure required by the Settlement Agreement, all Settlement Class Members will release any claims they have related to these lawsuits and be prohibited from bringing or pursuing any other lawsuits or other actions based on such claims.  The Releases are set forth in full in Section 3 of the Settlement Agreement, which can be viewed online at <u>www.fidelity401klawsuit.com, or requested from Class Counsel.</u>.

## The Settlement Approval Process

The Court has granted preliminary approval of the proposed Settlement, finding that it is sufficiently within the range of reasonableness to warrant such preliminary approval, and has approved this notice to the Settlement Class.  The Settlement will not take effect, however, until it receives final approval from the Court following an opportunity for Settlement Class Members to object to the Settlement, as described in detail below. Following the deadline for objecting to the Settlement, Class Counsel will file a Motion for Final Approval of the

Settlement.  The Court will hold a Fairness Hearing on _____, 2014, which will take place at the John Joseph Moakley United States District Courthouse for the District of Massachusetts, located at 1 Courthouse Way, Courtroom 11, 5th Floor, Boston, Massachusetts, 02210. The date and location of the Fairness Hearing is subject to change by order of the Court, which will appear on the Court's docket for these cases.

## The Opportunity to Object to the Settlement

Prior to the Fairness Hearing, Settlement Class Members will have the opportunity to object to approval of the Settlement. Settlement Class Members can object to the Settlement and give reasons why they think the Court should not approve it.  To object, you must send your objection to the Court, at the John Joseph Moakley United States District Courthouse for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts, 02210, and to the Parties at the following addresses:

To Class Counsel:

| | |
|---|---|
| Gregory Y. Porter<br>BAILEY & GLASSER LLP<br>910 17th Street, NW<br>Suite 800<br>Washington, DC 20006 | Todd Schneider<br>SCHNEIDER WALLACE<br>COTTRELL KONECKY LLP<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104 |

To Defendants' Counsel:

| | |
|---|---|
| James O. Fleckner, Esq.<br>Goodwin Procter LLP<br>53 State Street<br>Boston, MA  02109 | Alison V. Douglass, Esq.<br>Goodwin Procter LLP<br>53 State Street<br>Boston, MA  02109 |

Objections must be filed with the Court Clerk on or before _____, 2014.  Objections filed after that date will not be considered.  Any Settlement Class Member failing to submit a timely objection will be deemed to have waived any objection they might have, and any untimely objection will be barred absent an order from the Court.  Objections must include: (1) the name of one or both of the cases, "*Bilewicz, et al. v. FMR, et al.*, Case No. 13-10636" and/or "*Yeaw, et al. v. FMR LLC, et al.*, Civil Action No. 14-10035-DJC"; (2) your full name, current address,  telephone number and signature; (3) a statement that you are a Settlement Class Member and an explanation of the basis upon which you claim to be a Settlement Class Member; (4) all grounds for the objection, accompanied by any legal support known to you or your counsel; (5) a statement as to whether you or your counsel intends to personally

**QUESTIONS? CONTACT CLASS COUNSEL LISTED IN THIS NOTICE OR VISIT**
**www.fidelity401klawsuit.com**
DO NOT CONTACT THE COURT FOR INFORMATION

appear and/or testify at the Fairness Hearing; and (6) a list of any persons you or your counsel may call to testify at the Fairness Hearing in support of your objection.

Anyone who files and serves a timely written objection in accordance with the instructions above may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth: (1) the name, address, and telephone number of the Settlement Class Member, and (2) if applicable, the name, address, and telephone number of that Settlement Class Member's attorney on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than _____, 2014 Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class member or that Settlement Class member's counsel.

The Court will consider Settlement Class Member objections in deciding whether to grant final approval.  Objectors are not required to attend the Fairness Hearing, but if you intend to appear you must state your intention to do so in the manner described above. Settlement Class Members who do not comply with these procedures, or who miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

## Attorney's Fees and Service Payments for Named Plaintiffs

In granting preliminary approval of the proposed Settlement, the Court appointed the Plaintiffs' lawyers to serve as "Class Counsel" for the Settlement Class. The attorneys for the Settlement Class include the following attorneys and law firms:

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006

Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

Peter Mougey
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR
316 S. Baylen Street, Suite 600
Pensacola, FL 32502

Joseph C. Peiffer
PEIFFER ROSCA ABDULLAH
CARR & KANE, LLC
201 St. Charles Avenue, Suite 4610
New Orleans, LA 70170

Class Counsel will file a motion with the Court seeking approval of payment from the Settlement Fund of the expenses they incurred in prosecuting the case, reasonable attorneys' fees and a service payment not to exceed $5,000 for each of the named Plaintiffs and class representatives. The motion and supporting papers will be filed on or before

QUESTIONS? CONTACT CLASS COUNSEL LISTED IN THIS NOTICE OR VISIT
www.fidelity401klawsuit.com
DO NOT CONTACT THE COURT FOR INFORMATION

_____, 2014 [30 days from the date of preliminary approval]. After that date you may review the motion and supporting papers at www.fidelity401klawsuit.com. Any attorney's fees, expenses and Service Payments approved by the Court, in addition to the fee for the independent fiduciary and the expenses incurred by the Settlement Administrator in sending this notice and administering the Settlement, will be paid from the Settlement Fund.

### Getting More Information

You can visit the website at www.fidelity401klawsuit.com, where you will find the full Settlement Agreement, the Court's order granting preliminary approval, this notice and other relevant pleadings and documents. If you cannot find the information you need on the website, you may also contact Class Counsel for more information. Do not contact the Court to get additional information.

Dated: _____, 2014          By Order of the United States District Court
                             Of Massachusetts, Honorable Denise J. Casper

ACTIVE/72777050.12

**QUESTIONS? CONTACT CLASS COUNSEL LISTED IN THIS NOTICE OR VISIT**
**www.fidelity401klawsuit.com**
DO NOT CONTACT THE COURT FOR INFORMATION

**Exhibit B**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LORI BILEWICZ,** *et al.*,<br>**and all others similarly situated,**<br><br>     **Plaintiffs,**<br>        vs.<br><br>**FMR LLC; FMR LLC INVESTMENT<br>COMMITTEE;**<br>**and John and Jane Does 1-25,**<br><br>     Defendants. | )<br>)<br>)<br>)   Civil Action No. 13-10636-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **AIDEN YEAW, ALEX C. BROWN,**<br>**and all others similarly situated,**<br><br>     **Plaintiffs,**<br>        vs.<br><br>**FMR LLC; FMR LLC RETIREMENT<br>COMMITTEE;**<br>**and John and Jane Does 1-25,**<br><br>     Defendants. | )<br>)<br>)<br>)   Civil Action No. 14-10035-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JUDGMENT APPROVING SETTLEMENT OF CLASS ACTIONS

WHEREAS, Plaintiffs ("Named Plaintiffs") in the above-captioned Actions (the "Actions") on behalf of themselves and the Settlement Class (defined below) and Defendant FMR LLC ("FMR"), (collectively, the "Settling Parties") have entered into a Class Action Settlement Agreement dated July 1, 2014 (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Actions against Defendants on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated _____, 2014 (the "Preliminary Approval Order"), this Court (a) consolidated the Actions, (b) preliminarily approved the Settlement; (c) certified the Settlement Class as a non-opt-out class solely for purposes of effectuating the Settlement and appointed Class Counsel; (d) ordered that the Notice of Proposed Class Action Settlement (the "Notice") be mailed directly Settlement Class Members; (d) appointed _____ as Settlement Administrator, (e) scheduled a hearing regarding final approval of the Settlement, and (f) scheduled a hearing on Class Counsel's motion for an award of attorneys' fees and expenses and the payment of service awards for the Named Plaintiffs;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2014 (the "Fairness Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit B to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Actions against Defendants with respect to Settlement Class Members; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Named Plaintiffs' Counsel for an award of attorneys' fees and expenses and service awards for the Named Plaintiffs should be approved; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Actions, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

2

1.     **Defined Terms**:  For purposes of this Judgment Approving Settlement of Class

Action, the following terms have the meanings listed:

    a.   "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

    b.   "Released Parties" means, as defined in Section 1.36 of the Settlement Agreement, Defendants and any Person who served as a trustee or fiduciary of any kind of the Plan (including functional fiduciaries), together with, for each of the foregoing: any predecessors, Successors-In-Interest, present and former Representatives, direct or indirect parents, subsidiaries and affiliates, and any Person that controls, is controlled by, or is under common control with any of the foregoing.

    c.   <u>"Released Claims" means, as defined in Section 3.3 of the Settlement Agreement,</u> any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature (collectively, "*Claims*"), including both known *Claims* and *Unknown Claims*, against any of the *Released Parties* and *Defendants' Counsel* (i) that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*); (ii) that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that might have been asserted in the *Actions* that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*); (iii)  that otherwise in any way arise out of, relate to, are based on, or have any connection with any assertion in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*), including but not limited to any assertion in any way arising out of, relating to, based on, or in connection with: the structure, management, monitoring, servicing, administration, size and/or expenses of the *Plan*; the selection, monitoring, fees, expenses, numerosity, performance, performance history (or absence of performance history) or any other attributes of the investment options available under the *Plan*; any alleged conflict of interest, self-dealing, or improper reversion of funds with respect to the *Plan*; any assertions regarding revenue sharing paid, received, or not recaptured in connection with the *Plan*; any assertions regarding any disclosures, reports, or filings in connection with the *Plan*; and/or any assertions with respect to any fiduciaries of the *Plan* or the selection or monitoring of those

fiduciaries in connection with the foregoing; (iv) that would have been barred by res judicata had the *Actions* been fully litigated to a final judgment; and/or (v) that in any way arise out of, relate to, are based on, or have any connection with the *Plan* features reflected in Section 7.3 of the Settlement Agreement.

d.   "Representatives" means present and former attorneys, insurers, agents, committees, directors, officers, and employees.

e.   "Successor-In-Interest" means a Person's estate, legal representatives, heirs, executors, administrators, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

f.   "Unknown Claims" means any and all Released Claims which the Named Plaintiffs or the Settlement Class Members do not know or suspect to exist in his or her favor as of the Settlement Effective Date, which if known by him or her might have affected his or her decision(s) with respect to the Settlement.

2.   **Jurisdiction:** The Court has jurisdiction over the subject matter of the Actions, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

3.   **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof:  (a) the Settlement Agreement filed with the Court on July 3, 2014; and (b) the Notice, which was filed with the Court on July 3, 2014.

4.   **Class Certification for Settlement Purposes:**   The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Actions as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who participated in the Plan during the Settlement Class Period (March 20, 2007 through [either (i) the date of the Settlement Agreement or (ii) or in the event that the preliminary approval order is not entered before July 28, 2014, then July 28, 2014], except for Committee Members.[1]  A person has "participated" in the Plan

---

[1] The Settlement Agreement defines Committee Members as members of the FMR LLC Investment Committee, during the period March 20, 2007 through March 19, 2013, and the FMR LLC Retirement Committee, during the period January 8, 2008 through January 7, 2014.

for this purpose if he or she had a positive balance in the Plan at any time during the Settlement Class Period.

5.     **Adequacy of Representation:**   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Named Plaintiffs as Class Representatives for the Settlement Class and appointing Named Plaintiffs' Counsel as Class Counsel for the Settlement Class.  Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.     **Notice:**  The Court finds that the dissemination of the Notice:  (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Actions, of the effect of the Settlement (including the releases provided for therein), of Named Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses, of their right to object to the Settlement, the Plan of Allocation and/or Named Plaintiffs' Counsel's motion for attorneys' fees and expenses, and of their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

7.     **Final Settlement Approval and Dismissal of Claims:**  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without

limitation, the amount of the Settlement; the releases provided for therein, including the release of the Released Parties from Released Claims; and the dismissal with prejudice of the claims asserted in the Actions against Defendants by Settlement Class Members) and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Named Plaintiffs and the Settlement Class.  The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

8.      As of the Settlement Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in the Actions against Defendants by Named Plaintiffs and Settlement Class Members are hereby dismissed with prejudice.  All Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

9.      **<u>Binding Effect:</u>**  The terms of the Settlement Agreement and of this Judgment shall be forever binding on the Company, Named Plaintiffs, and all Settlement Class Members, as well as each of their respective Representatives and Successors-In-Interest.

10.     **<u>Releases:</u>**  The releases set forth in Sections 3.1 through 3.5 of the Settlement Agreement (the "Releases"), together with the definitions contained in Section 1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Settlement Effective Date.  Accordingly, this Court orders that, as of the Settlement Effective Date:

      a.   Named Plaintiffs, each Settlement Class Member (on behalf of themselves, their current and former beneficiaries, their Representatives and Successors-In-Interest, and the Plan), and the Plan (by and through the Independent Fiduciary pursuant to Section 2.4 of the Settlement Agreement) absolutely and unconditionally release and forever discharge the Released Parties from Released Claims that the Named Plaintiffs, the Settlement Class or the Plan directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, except that this release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement, nor do they include, and the Settlement Agreement does not in any way bar, limit, waive, or release, any individual claim by the Named Plaintiffs or a Settlement Class Member to vested benefits that are otherwise due under the terms of the Plan.  Effective upon entry of this Judgment, the Named Plaintiffs and

6

all other Settlement Class Members and the Plan shall be permanently and finally enjoined, without the necessity of Defendants posting a bond, from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly, indirectly, derivatively, or in any other capacity, against any of the Released Parties.

b. The Company (on behalf of itself and its Representatives and Successors-In-Interest) shall be deemed to have, and by operation of this Judgment, shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of the Named Plaintiffs, the Plan, the Settlement Class, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise out of the filing or prosecution of the Actions or the allegations made in the Actions or statements made in connection with the Actions, or that are related in any way to the acts, omissions, facts, matters, transactions, or occurrences alleged or referred to in the Actions.

c. With respect to the Released Claims, the Settling Parties and all other Settlement Class Members and the Plan expressly to waive to the fullest extent of the law: (a) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides that "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor"; and (b) the provisions, rights and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable.

11.     **Rule 11 Findings:**  The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Actions against Defendants by Settlement Class Members.

12.     **No Admissions:**  This Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation described in Section 9 and Appendix A of the Settlement Agreement (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, or the

7

negotiations that lead to the agreement in principle reached on April 23, 2014, the negotiation of the Settlement Agreement and its exhibits, or any papers submitted in support of approval of the Settlement, or any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Defendant of, wrongdoing or liability in the Actions or any other proceeding; (b) are not admissions of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. This Judgment and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendants specifically deny any fault, breach, liability or wrongdoing.

13.    **Retention of Jurisdiction:**  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:   (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement including the Plan of Allocation;  (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and expenses by Named Plaintiffs' Counsel in the Actions that will be paid from the Settlement Fund; and (d) the Settlement Class Members for all matters relating to the Actions.

14.     A separate order shall be entered regarding approval of the motion of Named Plaintiffs' Counsel for an award of attorneys' fees and expenses.  Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Settlement Effective Date.

15.     **Modification of Settlement Agreement:**  Following entry of this Judgment, the Settlement Agreement may be modified or amended only written agreement signed by or on behalf of all Settling Parties and approved by the Court.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination:**  If the Settlement Effective Date does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

17.     **Entry of Final Judgment:**  There is no just reason to delay entry of this Judgment as a final judgment with respect to the claims asserted in the Actions against Defendants by Settlement Class Members.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

SO ORDERED this _____ day of _____, 2014.


_____
        The Honorable Denise J. Casper
        United States District Judge

9