## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI BILEWICZ, *et al.*, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 13-10636-DJC ) |
| vs. | ) ) |
| FMR LLC; FMR LLC INVESTMENT COMMITTEE; and John and Jane Does 1-25, | ) ) ) ) |
| Defendants. | ) ) |
| AIDEN YEAW, ALEX C. BROWN, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 14-10035-DJC ) |
| vs. | ) ) |
| FMR LLC; FMR LLC RETIREMENT COMMITTEE; and John and Jane Does 1-25, | ) ) ) ) |
| Defendants. | ) ) |

[PROPOSED] ORDER (1) CONSOLIDATING THE ACTIONS, (2) CONDITIONALLY
CERTIFYING THE SETTLEMENT CLASS AS A NON-OPT-OUT CLASS AND
APPOINTING CLASS COUNSEL, (3) GRANTING PRELIMINARY APPROVAL
OF THE SETTLEMENT, (4) DIRECTING NOTICE TO SETTLEMENT CLASS
MEMBERS AND APPROVING THE PLAN AND FORM OF NOTICE,
(5) APPOINTING A SETTLEMENT ADMINISTRATOR, (6) SCHEDULING A
FAIRNESS HEARING, AND (7) SCHEDULING A HEARING ON CLASS COUNSEL'S
MOTION FOR FEES AND COSTS AND THE PAYMENT OF SERVICE
AWARDS FOR THE NAMED PLAINTIFFS

The Court having received and considered the unopposed Motion (the "Motion") by

Plaintiffs in the above-captioned actions (the "Actions") for an Order (1) consolidating the Actions;

(2) conditionally certifying the Settlement Class as a non-opt-out class and appointing Class Counsel;

(3) granting preliminary approval of the Settlement; (4) directing notice to Settlement Class Members

and approving the plan and form of notice; (5) appointing KCC Class Action Services LLC as
Settlement Administrator; (6) scheduling a Fairness Hearing; and (7) scheduling a hearing on Class
Counsel's impending motion for fees and costs and the payment of service awards for the Named
Plaintiffs, and supporting papers including the Class Action Settlement Agreement dated July 1 2014
(the "Settlement Agreement") and the declarations of counsel, and having further considered the
arguments of counsel and the pleadings and record in this case and finding good cause for granting
the Motion,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      Capitalized terms used in this Order that are not otherwise identified herein have the
meaning assigned to them in the Settlement Agreement.

2.      This Court has jurisdiction to consider the Motion and the relief requested therein in
accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.      Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.      The Court grants the motion to consolidate Bilewicz v. FMR LLC, No. 13-10636-DJC
(D. Mass.) and Yeaw v. FMR LLC, No. 14-10035-DJC (D. Mass.) for settlement purposes.

5.      The terms of settlement ("Settlement") set forth in the Settlement Agreement are
hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for
below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to
warrant the preliminary approval of the Settlement, the scheduling of the Fairness Hearing, and the
mailing of notices to Settlement Class Members, each as provided for in this Order. The Court
further finds that the formula proposed by Named Plaintiffs and Class Counsel for allocating the
Net Settlement Fund among Settlement Class Members is fair and reasonable.

6.      The Court approves the retention by Class Counsel of KCC Class Action Services
LLC as the Settlement Administrator.

2

7.     The Court approves the Notice of proposed Class Action Settlement ("Notice") in substantially the form attached hereto as Exhibit 1.

## Class Certification for Settlement Purposes

8.     Pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a non-opt-out Settlement Class consisting of all persons who participated in the Plan at any time during the Settlement Class Period (March 20, 2007 through [either (i) the date of the Settlement Agreement or (ii) or in the event that the preliminary approval order is not entered before July 28, 2014, then July 28, 2014], except for Committee Members[1]. A person has "participated" in the Plan for this purpose if he or she had a positive balance in the Plan at any time during the Settlement Class Period.

9.     Solely for purposes of the proposed Settlement of these Actions, the Court finds that each element required for certification of the Settlement Class pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Actions would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) prosecution of separate actions by individual members of the Settlement Class would create a risk of: (1) inconsistent or varying adjudications as to individual Settlement Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in these Actions or (2) adjudications as to individual Settlement Class Members that

---

[1] The Settlement Agreement defines Committee Members as members of the FMR LLC Investment Committee, during the period March 20, 2007 through March 19, 2013, and the FMR LLC Retirement Committee, during the period January 8, 2008 through January 7, 2014.

3

would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

10. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Named Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Named Plaintiffs' Counsel as Class Counsel for the Settlement Class.

## Manner of Giving Notice

11. Not later than seven (7) days before Notice is to be supplied to Settlement Class Members, FMR LLC ("FMR") shall provide the Settlement Administrator with the names and last known addresses of the Settlement Class Members. The names and addresses that the Settlement Administrator obtains pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

12. Not later than ten (10) days after entry of this Order, the Settlement Administrator shall cause copies of the Notice to be mailed by first-class mail, postage pre-paid, to all Settlement Class Members through the notice procedure described in the Settlement Agreement.

13. Not later than July 28, 2014, the Settlement Administrator shall provide to Class Counsel and to Defendants' Counsel a declaration attesting to compliance with the service of the Settlement Notices, as set forth above. The cost of giving notice to the Settlement Class Members as specified in this Order shall be paid as set forth in the Settlement Agreement.

14. The Court finds that the notice to be provided as set forth in this Order is the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, the

4

hearing on the motion for fees, or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

15.     All reasonable costs incurred by Settling Plaintiffs' Counsel or the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

## Fairness Hearing

16.     The Court will hold a settlement hearing (the "Fairness Hearing") on October 14, 2014 at 2:30 pm. in Courtroom 11 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Actions against Defendants with respect to Settlement Class Members; (c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Settling Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Fairness Hearing shall be given to Settlement Class Members as set forth in Paragraph 12 of this Order.

17.     The Court may adjourn the Fairness Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

5

18. Not later than [thirty days after Preliminary Approval Order], Class Counsel shall submit their papers in support of final approval of the Settlement, Class Counsel's applications for attorneys' fees, expenses, and service payments. Either or both of the Settling Parties may submit papers in response to any timely-filed objections on or before [seventy days after Preliminary Approval Order].

## Objections to the Settlement

19. The Court will consider written comments and objections to the Settlement, to the proposed award of attorneys' fees and expenses, or to the request for service payments for the Plaintiffs only if such written comments or objections are filed with the Court Clerk on or before [forty-five days after the Settlement Administrator issues the Notice], comply with the requirements of Paragraph 20 below, and are served on the Settling Parties at the following addresses:

For Filing with the Court:

Clerk of the U.S. District Court for the District of Massachusetts
Federal Building and United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210
Re: *Bilewicz, et al. v. FMR LLC, et al.*, Civil Action No. 13-10636-DJC
   *Yeaw, et al. v. FMR LLC, et al.*, Civil Action No. 14-10035-DJC

To Class Counsel:

| Gregory Y. Porter | Todd Schneider |
|---|---|
| BAILEY & GLASSER LLP | SCHNEIDER WALLACE |
| 910 17th Street, NW | COTTRELL KONECKY LLP |
| Suite 800 | 180 Montgomery Street, Suite 2000 |
| Washington, DC 20006 | San Francisco, CA 94104 |

To Defendants' Counsel:

| James O. Fleckner, Esq. | Alison V. Douglass, Esq. |
|---|---|
| Goodwin Procter LLP | Goodwin Procter LLP |
| 53 State Street | 53 State Street |
| Boston, MA 02109 | Boston, MA 02109 |

6

20.     The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court and include all of the following: (a) the name of the Actions; (b) the Settlement Class Member's full name, address, telephone number, and signature; (c) a statement that the writer is a Settlement Class Member and an explanation of the basis upon which the writer claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel, (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/ or testify at the Fairness Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an order from the Court. The Named Plaintiffs and/ or FMR may, at their own expense, take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

21.     Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court Clerk by no later than forty-five days after the issuance of the Notice. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to

7

appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

Termination of Settlement

22. This Order shall become null and void, ab initio, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective statuses as of April 24, 2014, prior to the Settlement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

Use of Order

23. This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties. This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Defendant of, wrongdoing or liability in the Actions or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendants specifically deny any fault, breach, liability or wrongdoing.

8

## Jurisdiction

24.     The Court hereby retains jurisdiction for purposes of implementing the Settlement,

and reserves the power to enter additional orders to effectuate the fair and orderly administration

and consummation of the Settlement as may from time to time be appropriate, and to resolve any

and all disputes arising thereunder.

SO ORDERED this _____ day of _____, 2014.

The Honorable Denise J. Casper
United States District Judge

9