IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI BILEWICZ, *et al.*, ) <br> and all others similarly situated, ) <br> ) <br>     Plaintiffs, ) <br>        vs. ) <br> ) <br> FMR LLC; FMR LLC INVESTMENT ) <br> COMMITTEE; ) <br> and John and Jane Does 1-25, ) <br> ) <br>     Defendants. ) | Civil Action No. 13-10636-DJC |
| AIDEN YEAW, ALEX C. BROWN, ) <br> and all others similarly situated, ) <br> ) <br>     Plaintiffs, ) <br>        vs. ) <br> ) <br> FMR LLC; FMR LLC RETIREMENT ) <br> COMMITTEE; ) <br> and John and Jane Does 1-25, ) <br> ) <br>     Defendants. ) | Civil Action No. 14-10035-DJC |

## JUDGMENT APPROVING SETTLEMENT OF CLASS ACTIONS

WHEREAS, Plaintiffs ("Named Plaintiffs") in the above-captioned Actions (the "Actions") on behalf of themselves and the Settlement Class (defined below) and Defendant FMR LLC ("FMR"), (collectively, the "Settling Parties") have entered into a Class Action Settlement Agreement dated July 1, 2014 (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Actions against Defendants on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated July 10, 2014 (D. 59) (the "Preliminary Approval Order"), this Court (a) consolidated the Actions, (b) preliminarily approved the Settlement; (c) certified the Settlement Class as a non-opt-out class solely for purposes of effectuating the Settlement and appointed Class Counsel; (d) ordered that the Notice of Proposed Class Action Settlement (the "Notice") be mailed directly Settlement Class Members; (d) appointed Kurtzman Carson Consultants L.L.C. as Settlement Administrator, (e) scheduled a hearing regarding final approval of the Settlement, and (f) scheduled a hearing on Class Counsel's motion for an award of attorneys' fees and expenses and the payment of service awards for the Named Plaintiffs;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court has considered the two objections filed in the case (D. 64 and 65), Plaintiffs' Responses to Settlement Objections (D. 70), and the report of the independent fiduciary, Evercore Trust Company, N.A. on the proposed Settlement (D. 70-1);

WHEREAS, Plaintiffs have filed an Unopposed Motion for an Order Awarding Reasonable Attorney's Fees and Costs and Service Awards;

WHEREAS, the Court conducted a hearing on October 14, 2014 (the "Fairness Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit B to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Actions against Defendants with respect to Settlement Class Members; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Named Plaintiffs' Counsel for an award of attorneys' fees and expenses and service awards for the Named Plaintiffs should be approved; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, Plaintiffs' Unopposed Motion for an Order Awarding Reasonable Attorney's Fees and Costs and Service Awards, and the record in the Actions, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Defined Terms**: For purposes of this Judgment Approving Settlement of Class Action, the following terms have the meanings listed:

    a. "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

    b. "Released Parties" means, as defined in Section 1.36 of the Settlement Agreement, Defendants and any Person who served as a trustee or fiduciary of any kind of the Plan (including functional fiduciaries), together with, for each of the foregoing: any predecessors, Successors-In-Interest, present and former Representatives, direct or indirect parents, subsidiaries and affiliates, and any Person that controls, is controlled by, or is under common control with any of the foregoing.

    c. "Released Claims" means, as defined in Section 3.3 of the Settlement Agreement, any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature (collectively, "*Claims*"), including both known *Claims* and *Unknown Claims*, against any of the *Released Parties* and *Defendants' Counsel* (i) that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*); (ii) that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that might have been asserted in the *Actions* that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*); (iii) that otherwise in any way arise out of,

3

relate to, are based on, or have any connection with any assertion in the *Actions* (including any assertion set forth in any submission made by *Plaintiffs* in connection with the *Actions*), including but not limited to any assertion in any way arising out of, relating to, based on, or in connection with: the structure, management, monitoring, servicing, administration, size and/or expenses of the *Plan*; the selection, monitoring, fees, expenses, numerosity, performance, performance history (or absence of performance history) or any other attributes of the investment options available under the *Plan*; any alleged conflict of interest, self-dealing, or improper reversion of funds with respect to the *Plan*; any assertions regarding revenue sharing paid, received, or not recaptured in connection with the *Plan*; any assertions regarding any disclosures, reports, or filings in connection with the *Plan*; and/or any assertions with respect to any fiduciaries of the *Plan* or the selection or monitoring of those fiduciaries in connection with the foregoing; (iv) that would have been barred by res judicata had the *Actions* been fully litigated to a final judgment; and/or (v) that in any way arise out of, relate to, are based on, or have any connection with the *Plan* features reflected in Section 7.3 of the Settlement Agreement.

d. "Representatives" means present and former attorneys, insurers, agents, committees, directors, officers, and employees.

e. "Successor-In-Interest" means a Person's estate, legal representatives, heirs, executors, administrators, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

f. "Unknown Claims" means any and all Released Claims which the Named Plaintiffs or the Settlement Class Members do not know or suspect to exist in his or her favor as of the Settlement Effective Date, which if known by him or her might have affected his or her decision(s) with respect to the Settlement.

2. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Actions, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

3. **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on July 3, 2014; and (b) the Notice, which was filed with the Court on July 3, 2014.

4. **Class Certification for Settlement Purposes:** The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Actions as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who participated in the Plan

during the Settlement Class Period March 20, 2007 through July 1, 2014, the date of the Settlement Agreement, except for Committee Members.[1] A person has "participated" in the Plan for this purpose if he or she had a positive balance in the Plan at any time during the Settlement Class Period.

5. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Named Plaintiffs as Class Representatives for the Settlement Class and appointing Named Plaintiffs' Counsel as Class Counsel for the Settlement Class. Named Plaintiffs and Named Plaintiffs' Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice:** The Court finds that the dissemination of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Actions, of the effect of the Settlement (including the releases provided for therein), of Named Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses, of their right to object to the Settlement, the Plan of Allocation and/or Named Plaintiffs' Counsel's motion for attorneys' fees and expenses, and of their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the

---

[1] The Settlement Agreement defines Committee Members as members of the FMR LLC Investment Committee, during the period March 20, 2007 through March 19, 2013, and the FMR LLC Retirement Committee, during the period January 8, 2008 through January 7, 2014.

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

7. **Objections:** The Court finds that the objections to the Settlement do not raise material questions about the fairness or reasonableness of the Settlement.

8. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the amount of the Settlement; the releases provided for therein, including the release of the Released Parties from Released Claims; and the dismissal with prejudice of the claims asserted in the Actions against Defendants by Settlement Class Members) and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Named Plaintiffs and the Settlement Class. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

9. As of the Settlement Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in the Actions against Defendants by Named Plaintiffs and Settlement Class Members are hereby dismissed with prejudice. All Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

10. **Binding Effect:** The terms of the Settlement Agreement and of this Judgment shall be forever binding on the Company, Named Plaintiffs, and all Settlement Class Members, as well as each of their respective Representatives and Successors-In-Interest.

11. **Releases:** The releases set forth in Sections 3.1 through 3.5 of the Settlement Agreement (the "Releases"), together with the definitions contained in Section 1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are

effective as of the Settlement Effective Date. Accordingly, this Court orders that, as of the Settlement Effective Date:

    a. Named Plaintiffs, each Settlement Class Member (on behalf of themselves, their current and former beneficiaries, their Representatives and Successors-In-Interest, and the Plan), and the Plan (by and through the Independent Fiduciary pursuant to Section 2.4 of the Settlement Agreement) absolutely and unconditionally release and forever discharge the Released Parties from Released Claims that the Named Plaintiffs, the Settlement Class or the Plan directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, except that this release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement, nor do they include, and the Settlement Agreement does not in any way bar, limit, waive, or release, any individual claim by the Named Plaintiffs or a Settlement Class Member to vested benefits that are otherwise due under the terms of the Plan. Effective upon entry of this Judgment, the Named Plaintiffs and all other Settlement Class Members and the Plan shall be permanently and finally enjoined, without the necessity of Defendants posting a bond, from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly, indirectly, derivatively, or in any other capacity, against any of the Released Parties.

    b. The Company (on behalf of itself and its Representatives and Successors-In-Interest) shall be deemed to have, and by operation of this Judgment, shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of the Named Plaintiffs, the Plan, the Settlement Class, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise out of the filing or prosecution of the Actions or the allegations made in the Actions or statements made in connection with the Actions, or that are related in any way to the acts, omissions, facts, matters, transactions, or occurrences alleged or referred to in the Actions.

    c. With respect to the Released Claims, the Settling Parties and all other Settlement Class Members and the Plan expressly to waive to the fullest extent of the law: (a) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides that "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor"; and (b) the provisions, rights and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable.

12. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Actions against Defendants by Settlement Class Members.

13. **No Admissions:** This Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation described in Section 9 and Appendix A of the Settlement Agreement (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, or the negotiations that lead to the agreement in principle reached on April 23, 2014, the negotiation of the Settlement Agreement and its exhibits, or any papers submitted in support of approval of the Settlement, or any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Defendant of, wrongdoing or liability in the Actions or any other proceeding; (b) are not admissions of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. This Judgment and the Settlement Agreement and any proceedings taken pursuant to

the Settlement Agreement are for settlement purposes only. Defendants specifically deny any fault, breach, liability or wrongdoing.

14. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement including the Plan of Allocation; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and expenses by Named Plaintiffs' Counsel in the Actions that will be paid from the Settlement Fund; and (d) the Settlement Class Members for all matters relating to the Actions.

15. **Attorneys' Fees, Expenses, and Service Awards:** The Court finds that in light of the work performed by Plaintiffs' Counsel and the results achieved, and the accepted method of compensating Plaintiffs' Counsel by awarding them a percentage of the common fund, Plaintiffs' Counsel shall receive 33.3% of the Class Settlement Amount of $12 million. The Court finds that the expenses incurred by Plaintiffs' Counsel in connection with these Actions were reasonable and appropriate under the circumstances and awards Plaintiffs' Counsel $155,452.85 in expenses. The Court finds that a service award of $1,000.00 to each Named Plaintiff in the Actions is a reasonable and appropriate service award in light of the contributions made by the Named Plaintiffs to the results obtained for the Class via the Settlement.

16. **Modification of Settlement Agreement:** Following entry of this Judgment, the Settlement Agreement may be modified or amended only written agreement signed by or on behalf of all Settling Parties and approved by the Court. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination:** If the Settlement Effective Date does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the

Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

18. **Entry of Final Judgment:** There is no just reason to delay entry of this Judgment as a final judgment with respect to the claims asserted in the Actions against Defendants by Settlement Class Members. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

SO ORDERED this 15th day of October, 2014.

_____
The Honorable Denise J. Casper
United States District Judge